**MINNEAPOLIS HONEYWELL REGULATOR CO. et al. v. MILWAUKEE GAS SPECIALTY CO. et al.**

No. 9730.

United States Court of Appeals Seventh Circuit.

April 29, 1949.

Arthur H. Boettcher, Charles V. Hildebrecht and C. Lyman Emrich, Jr., all of Chicago, Ill., for appellants.

Will Freeman and W. M. Van Sciver, both of Chicago, Ill., and Geo. H. Fisher, of Minneapolis, Minn., for appellees.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

PER CURIAM.

This is an action brought under § 4915, R. S., 35 U.S.C.A. § 63, in which plaintiffs, Minneapolis Honeywell Regulator Company and Carl G. Kronmiller, sought a decree that a patent be issued to them for a control apparatus designed for use in a fuel burner control system, covered by claims 12 and 13 of United States Patent No. 2183827 for a "Thermoelectric Safety Switch and the Like," and issued to defendants on December 19, 1939. The claims relate to a thermoelectric safety switch device for gas burners and the like, in which a pilot burner is placed in such a position as to heat a thermo-couple.

Disposition of this appeal depends on the question—which of the two applications, Kronmiller's or Thornbery's, disclosed a patentable invention and therefore was entitled to the patent.

■ The case was heard by the trial judge upon the record in the Patent Office and upon additional evidence and stipulation of the parties. The court made specific findings of fact and conclusions of law. He concluded as a matter of law that in an action to obtain a patent, the court must determine first of all whether the applications disclose patentable invention, and that the claims should be read in the light of the specifications and construed in the light of all the facts.

Thornbery, in his specification, stated:

"The object of the present invention is to provide means which will permit reset-

·ting and holding the armature in contact with the pole faces of the electromagnet without setting up the supply of fuel to the burner, and, particularly, means which will permit resetting and holding the armature in contact with the pole faces of the electromagnet without setting up the supply of fuel to the burner until the pilot flame has been relighted and a thermoelectric current set up to hold the armature in contact with the pole faces of the electromagnet."

The court found inter alia that a manual petcock type of device was not in contemplation by Thornbery and was not shown or described in his application; that a claim specifying means for performing a safety function during the resetting operation is not satisfied by independent manual actuation by the operator at will; that the state of the prior art required the counts or claims to respond only to an interlocking type of device; and that Kronmiller's application disclosed a patentable invention.

The court decreed that the scope of the two claims necessitated their being directed to an interlocking type of thermoelectric safety device for preventing the flow of fuel to a burner during the resetting operation of the thermoelectric device, as distinguished from a thermoelectric device plus a manual petcock which may or may not serve as a safety factor; that Kronmiller's application disclosed a patentable invention; and that as between Thornbery and Kronmiller, Kronmiller was the first to conceive the patentable combination of the two claims in issue and the first to reduce the claims to practice, and awarded the subject matter of the two claims to plaintiffs.

The trial judge, in connection with his decision, wrote an opinion[1] in which the issues and the material facts are correctly stated and in which the questions and the decisions thereto are cited. After oral argument and an independent study, and examination and consideration of the points raised, we find ourselves in accord with the conclusions reached by the District Court, hence we are content to adopt the opinion of the District Court.

Accordingly, the decree of the District Court is affirmed.

