## SANFORD v. KEPNER.

No. 46.  Argued October 24, 1952.—Decided November 10, 1952.

*J. Preston Swecker* argued the cause and filed a brief for petitioner.

*Hugh M. Morris* argued the cause for respondent. With him on the brief were *Wilmer Mechlin* and *George R. Ericson.*

Mr. Justice Black delivered the opinion of the Court.

Claiming he was the original and sole inventor of a mechanical device, the respondent Kepner asked the United States Patent Office for a patent.   Later the petitioner Sanford filed a similar application making the same claim.   As authorized by R. S. § 4904, 35 U. S. C. § 52, the Commissioner of Patents directed a board of interference examiners to hold hearings and determine the

14

dispute over priority of invention—which of the two first used the device. The Board decided for respondent Kepner. Sanford's application for patent was accordingly refused. As authorized by R. S. § 4915, 35 U. S. C. § 63, Sanford brought this bill in equity praying that he be adjudged inventor of the device and entitled to a patent. Sanford also prayed that Kepner's claims be adjudged unpatentable, charging that many previous patents had been granted on Kepner's device, some of which had expired. Agreeing with the Board of Interference Examiners, the District Court found against Sanford on the issue of prior use. Since this was enough to justify refusal to issue Sanford a patent, the District Court declined to go further and consider Kepner's claim to a patent. Accordingly Sanford's bill was dismissed. 99 F. Supp. 221. Agreeing with the District Court, the Court of Appeals affirmed. 195 F. 2d 387. The circuits have different views concerning the duty of district courts to consider and adjudicate questions of invention and patentability when parties urge them in R. S. § 4915 proceedings.* To settle these differences we granted certiorari. 343 U. S. 976.

So far as relevant to the precise question here, R. S. § 4915, as now contained in 35 U. S. C. § 63, reads:

> ". . . whenever any applicant is dissatisfied with the decision of the board of interference examiners, the applicant . . . may have remedy by bill in equity . . . and the court . . . may adjudge that such applicant is entitled, according to law, to receive a patent for his invention . . . . And such

---

*In accord with the Court of Appeals, *Heston* v. *Kuhlke*, 179 F. 2d 222; *Smith* v. *Carter Carburetor Corp.*, 130 F. 2d 555; *Cleveland Trust Co.* v. *Berry*, 99 F. 2d 517. Contra: *Minneapolis Honeywell Regulator Co.* v. *Milwaukee Gas Specialty Co.*, 174 F. 2d 203; *Knutson* v. *Gallsworthy*, 82 U. S. App. D. C. 304, 164 F. 2d 497.

adjudication, if it be in favor of the right of the applicant, shall authorize the commissioner to issue such patent on the applicant filing in the Patent Office a copy of the adjudication and otherwise complying with the requirements of law."

The obvious purpose of the quoted part of R. S. § 4915 is to give a judicial remedy to an applicant who has been finally denied a patent because of a Patent Office decision against him and in favor of his adversary on the question of priority. When the trial court decides this factual issue of priority against him and thus affirms the refusal of the patent by the Patent Office, he has obtained the full remedy the statute gives him. Only if he wins on priority may he proceed. In that event, the statute says, the court may proceed to "adjudge that such applicant is entitled, according to law, to receive a patent for his invention . . . ." So adjudging, it may authorize issuance of the patent. But judicial authorization of issuance implies judicial sanction of patentability and for this reason this Court has said, "It necessarily follows that no adjudication can be made in favor of the applicant, unless the alleged invention for which a patent is sought is a patentable invention." *Hill* v. *Wooster,* 132 U. S. 693, 698. The principle of the *Hill* case is that the court must decide whether claims show patentable inventions before authorizing the Commissioner to issue a patent. No part of its holding or wording nor of that in *Hoover Co.* v. *Coe,* 325 U. S. 79, requires us to say R. S. § 4915 compels a district court to adjudicate patentability at the instance of one whose claim is found to be groundless. Sanford's claim was found to be groundless.

It is unlikely that this equity proceeding would develop a full investigation of validity. There would be no attack on the patent comparable to that of an infringement action. Here the very person who claimed an invention

now asks to prove that Kepner's similar device was no invention at all because of patents issued long before either party made claim for his discovery. There is no real issue of invention between the parties here and we see no reason to read into the statute a district court's compulsory duty to adjudicate validity.

*Affirmed.*