DISTRICT 50, UNITED MINE WORK-
ERS OF AMERICA, Petitioner.

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

PITTSBURG VALVE COMPANY, Ster-
ling Manufacturing Company, and
Hardware Brass Manufacturing Com-
pany, Petitioners,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 7107, 7122.

United States Court of Appeals
Fourth Circuit.

Argued March 12, 1957.

Decided April 1, 1957.

Elizabeth W. Weston, Attorney, Na-
tional Labor Relations Board, Washing-
ton, D. C. (Kenneth C. McGuiness, Gen-
eral Counsel, Stephen Leonard, Associate
General Counsel, Marcel Mallet-Prevost,
Assistant General Counsel, and Maurice
Alexandre, Attorney, National Labor Re-
lations Board, Washington, D. C., on mo-
tion), in support of motion.

Sidney J. Barban, Baltimore, Md.
(Earle K. Shawe, William J. Rosenthal,
Baltimore, Md., Lacy I. Rice, Martins-
burg, W. Va., and Benjamin G. Reeder,
Morgantown, W. Va., on answer), for pe-
titioners Pittsburg Valve Co. et al. in op-
position to motion.

E. Crampton Harris, Birmingham,
Ala. (Yelverton Cowherd and Alfred D.
Treherne, Washington, D. C., on an-
swer), for petitioner Dist. 50, United
Mine Workers of America, in opposition
to motion.

Before PARKER, Chief Judge, and
SOPER and SOBELOFF, Circuit Judg-
es.

PER CURIAM.

In these cases, we set aside an order
of the National Labor Relations Board
which found three manufacturing corpo-
rations at Reedsville, West Virginia,
guilty of an unfair labor practice in bar-
gaining with District 50, United Mine
Workers of America, and we remanded
the case to the Board for further pro-
ceedings not inconsistent with our opin-
ion. See 234 F.2d 565. We based our
action upon the holding that it would not
be an unfair labor practice for the corpo-
rations to recognize District 50 as the
bargaining representative of their em-
ployees, if there was no real question as
to its representing a majority of them,
notwithstanding that a claim to repre-
sent them was being pressed before the
Board by another union. The case is
now before us on motion of the Board
for leave to withdraw its petition for en-
forcement of its order and to dismiss the
charge and complaint against the cor-
porations. In support of its motion, the
Board states:

"If the charge and complaint are
permitted to stand and these pro-
ceedings are pursued, the question

which will ultimately be decided is whether the record establishes that the Steelworkers' claim created a real question concerning representation requiring employer neutrality as of November 2, 1953. At this late date, that question no longer has any practical importance, and protraction of the already complicated, costly and time-consuming litigation in this case will do nothing more than establish whether District 50 was in fact the bargaining representative selected by the Companies' employees four years ago. Cf. N. L. R. B. v. Flotill Products, Inc., 9 Cir., 180 F.2d 441. Ascertainment of that fact will serve no useful purpose, irrespective of the ultimate outcome of this litigation, and hence will only produce a sterile result."

Under the circumstances of the case, we think it clear that the Board has full power to dismiss the proceedings without leave from this court, as such dismissal would be in no wise inconsistent with the order of the court setting aside the Board's order and remanding the case for further proceedings not inconsistent with the Court's opinion. What proceedings shall be taken upon such remand are administrative matters within the Board's jurisdiction. The only limitation placed thereon by this court is that the action taken shall not be inconsistent with the decision of the court. See Federal Communications Comm. v. Pottsville Broadcasting Co., 309 U.S. 134, 145, 60 S.Ct. 437, 84 L.Ed. 656; Federal Power Comm. v. Idaho Power Co., 344 U.S. 17, 20, 73 S.Ct. 85, 97 L. Ed. 15. Manifestly, the dismissal of the unfair labor practice proceedings before the Board is not inconsistent with the holding of the court in setting aside the Board's order for lack of a finding on a matter which we deemed essential to the validity of the order. If the facts are that District 50 represented a large majority of the employees at the time of its recognition, as shown by the evidence to which we referred in our prior opinion, the Board should, of course, dismiss the proceedings and not waste its time and the time of the parties with further proceedings with regard to the matter. We would accordingly grant the leave requested by the Board, but for the inference that would arise that such leave is necessary in cases of this sort, and the unfortunate precedent that would thus be established. We shall accordingly deny the motion on the ground that no leave from this court is necessary to enable the Board to dismiss the proceedings before it, and without prejudice to its right and power to take such action.

Motion denied without prejudice to power of board to dismiss proceedings.