**HOWARD PLASTICS, INC., Plaintiff,**

v.

**TRAVER INVESTMENTS, INC., and Union Carbide Corporation, Defendants.**

**Civ. A. No. P–2445.**

United States District Court
S. D. Illinois, N. D.
May 11, 1962.

Kavanagh, Bond, Scully, Sudow & White, Peoria, Ill., Cushman, Darby & Cushman, Washington, D. C., for plaintiff.

Miller, Westervelt & Johnson, Peoria, Ill., for Traver Investments, Inc.

O'Hern, Alloy, O'Hern & Wombacher, Peoria, Ill., for Union Carbide Corp.

MERCER, Chief Judge.

The matter of Traver's petition for reconsideration of the court's decision of February 6, 1962, and for other relief, is before the court, the court having considered arguments and briefs heretofore filed by the parties.

Upon the petition relating to Howard Plastics, Traver is insisting, in advance of the joinder of the issues, that the court should adjudicate the questions as to prior use and patentability. I am of the opinion that I correctly held that the court would not attempt to decide the issues in advance of the trial. Upon the present state of the pleadings, I think that decision is the only correct one.

The issue under 35 U.S.C. § 146 is, first, that of priority. The court is concerned with the issue of a plaintiff's entitlement to a patent only if the court first determines that plaintiff is entitled to an adjudication of priority. Sanford v. Kepner, 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12.

As to the alternative prayer of the petition I feel that a final judgment under F.R.Civ.P. Rule 54(b), 28 U.S.C.A. at this time would be nonsensical. Assuming that the entry of final judgment would be proper in any event, I consider the suggestion absurd that final judgment should be entered on a collateral issue which may never be reached in order to entitle an aggrieved party to an appeal.

I also suggest that the case is not an appropriate one for a certification for an interlocutory appeal under 28 U.S.C. § 1292(b). Far from expediting the cause, certification of this interlocutory appeal, if permitted by the Court of Appeals, would serve only to delay the final disposition of the case which, at this juncture, is not even at issue.

So far as Union Carbide is concerned, I see no reason to amend the decision. Carbide is an indispensable party, and it seems to me logically absurd to decree that Carbide is to sit by unnoticed and without any rights.

In my opinion the analogy that Traver seeks to draw to the Tort Claims Act is inapt. I presume Traver would be very happy to get rid of either of the other parties by any possible means because as I view the provisions of Section 146, the rights of no party can be litigated without the rights of all being likewise litigated. I am convinced that Section 146 does not require the result for which Traver contends.

The alternative prayer for relief is completely frivolous so far as Howard Plastics is concerned. There is nothing to adjudicate finally under Rule 54(b), and, in my opinion, it is asinine to suggest that a certification for an interlocutory appeal upon a judgment confirming the right to file a counter-claim could have any result other than to delay the progress of the litigation.

In conclusion, it is ordered that Traver's petition for reconsideration in its entirety be and the same is hereby denied.

Subsequent to the filing of Traver's petition for reconsideration as heretofore set forth, Traver renewed its motion to dismiss the complaint and an alternative prayer for separate trial of issue of sufficiency of Howard application to show the invention. This motion again invites the court to decide the sufficiency of the Howard application upon a motion preliminary to the case being at issue.

524

The alternative prayer for a separate trial upon the issue of the sufficiency of the Howard application overlooks the fact that, assuming a decision on that issue against Howard, it would still be necessary to try the priority issue between Traver and Union Carbide. I deny the motion in its entirety.

Another subsequent motion has been made to strike the amendment to the original complaint upon the ground that the amendment alleges facts accruing after the institution of this suit relating to Traver's entitlement to a patent. To some extent, the added allegations may be beyond the scope of the issues in this case. For this reason I suggest that defendant Traver's motion to strike the amendment of the complaint be set for hearing and argument before the court. It is suggested that counsel agree on a date for hearing and advise the court through local counsel.

After disposition of this last motion it appears that all pending motions have been passed upon.