**SPERRY RAND CORPORATION, John Presper Eckert, Jr., and John W. Mauchly, Plaintiffs-Appellees,**

v.

**BELL TELEPHONE LABORATORIES, INC., Defendant-Appellant.**

No. 244, Docket 27903.

United States Court of Appeals
Second Circuit.

Argued April 10, 1963.

Decided May 10, 1963.

Harry R. Pugh, Jr., New York City (Henry R. Ashton and William F. Simpson, New York City, on the brief), for appellant.

C. Blake Townsend, of Byerly, Townsend, Watson & Churchill, New York City (Carroll G. Harper, Robert E. Kosinski, New York City, of counsel; John P. Dority and Henry Turin, New York City, on the brief), for appellees.

Before MOORE, HAYS and MARSHALL, Circuit Judges.

HAYS, Circuit Judge.

Plaintiffs brought this action under Section 146 of the Patent Statutes (35 U.S.C. § 146),[1] to review a decision of the Board of Patent Interferences determining the issue of priority of inven-

---

1. "Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided. In such suits the record in the Patent

Office shall be admitted on motion of either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of the parties to take further testimony. The testimony and exhibits of the record in the Patent Office when admitted shall have the same effect as if originally taken and produced in the suit.

"Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time

tion in favor of the defendant. The district court reversed the decision of the Board and authorized the Commissioner of Patents to issue a patent to the plaintiffs. For the reasons set forth hereafter we grant appellees' motion to dismiss defendant's appeal from the judgment of the district court.

The invention here in issue involves the basic design of the electronic computer called the "Electronic Numerical Integrator and Computer" (ENIAC). The applications which were considered in the Patent Office Interference were those of plaintiffs Eckert and Mauchly, assigned to plaintiff Sperry Rand Corporation and one Samuel B. Williams, assigned to defendant. The Patent Office decided that the Williams invention was prior, and the plaintiffs, "dissatisfied with the decision" brought the present action.

In the district court the defendant originally interposed three defenses: (1) that the plaintiffs had not proved the reduction to practice of the invention prior to the filing of the Williams application in 1947, (2) that even if plaintiffs had reduced the invention to practice prior to 1947, Williams was entitled to priority on the basis of an application

filed in 1942, and (3) that the machine was in public use more than one year prior to the filing of the Eckert and Mauchly application.

▉ In the course of the proceedings in the district court, the defendant abandoned the first [2] and second [3] of these defenses. Thus the only contested issue before the district court was the third of the defenses, the contention that plaintiffs were not entitled to a patent because of public use more than a year before the filing of application. On this issue the district court rendered a decision favorable to the plaintiffs and authorized the issuance of a patent to them.

On this appeal the defendant has not sought to revive the issues which it abandoned in the district court, nor has it raised any new issue. Defendant's entire argument is addressed to the correctness of the district court's ruling that plaintiffs' invention was not publicly used more than one year before their application was filed.

Thus defendant is now in the position of contesting plaintiffs' right to the issuance of a patent on the ENIAC, while it neither claims priority for itself nor advances any other ground which would

of the decision complained of, but any party in interest may become a party to the action. If there be adverse parties residing in a plurality of districts not embraced within the same state, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides. Summons against adverse parties residing in foreign countries may be served by publication or otherwise as the court directs. The Commissioner shall not be a necessary party but he shall be notified of the filing of the suit by the clerk of the court in which it is filed and shall have the right to intervene. Judgment of the court in favor of the right of an applicant to a patent shall authorize the Commissioner to issue such patent on the filing in the Patent Office of a certified copy of 'the judgment and on compliance with the requirements of law."

**2.** The trial brief for defendant stated:
"The evidence now brought forward by plaintiffs and particularly the affidavits recently furnished, together with the blue prints and other exhibits referred to in the affidavits, goes far beyond the evidence presented in the Patent Office. This new evidence shows that the ENIAC machine, corresponding to the counts involved in the present action, was built and operated prior to the end of 1945 * * *.
"Accordingly defendant does not contest plaintiffs' proof of reduction to practice prior to that date."

**3.** Defendant's trial brief stated:
"After considering the available evidence and the difficulties of proof, defendant has decided not to rely on the Williams 1942 application, but instead to concentrate its attention on the proof of public use of the ENIAC, which, in our view, calls for a dismissal of the complaint, thus disposing of the present suit without reaching any other questions."

entitle it to a patent on that machine. We hold that, since the defendant makes no claim in its own behalf, it has no standing to prosecute this appeal.

■ It is elementary that a stranger to the litigation cannot take an appeal. The defendant does not argue that the judgment of the district court invaded any of its rights. It is clear that by that judgment the defendant suffered no detriment and that its position was not prejudiced.

The defendant makes some attempt to claim the right by this appeal to vindicate what it calls the public interest. But, as regards the public interest, the defendant is a mere volunteer. With no claim of any special relationship to the issue it seeks to litigate it has no more status to represent the public interest than any man off the streets. Moreover the statute on the basis of which the action was brought provides for representation of the public interest by the Commissioner of Patents, who was informed of the institution of the action and has not elected to intervene.

■ Authority is hardly needed for a proposition so obvious as that one who has no interest in the litigation, and who asserts no right which has been adversely affected by the decision of the lower court, cannot appeal from that decision. However, if authority were required, the case of Cover v. Schwartz, 133 F.2d 541 (2d Cir.) cert. denied, 319 U.S. 748, 63 S.Ct. 1158, 87 L.Ed. 1703 (1943), would amply provide such authority.

In the Cover case the plaintiff, having abandoned his claim that defendant had infringed plaintiff's patent, sought to appeal only from the determination that his own patent was invalid. The court said, at page 544:

"In other words, appellant is stating that he is asking no relief against anybody before the court (or so far as we know against anyone else), that there is no real dispute, no case or controversy, but that he wants an advisory opinion that his patent is valid. Of course, no federal court can constitutionally give an advisory opinion, since the Constitution confers jurisdiction on federal courts only where there exists a case or controversy."

See also Sanford v. Kepner, 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12 (1952).

In the present case the appellant seeks no relief for itself. It asks only for a declaration of the invalidity of the plaintiffs' patent, a declaration which, if it were made, would not leave appellant in any better position that than in which it now finds itself.[4]

Hill v. Wooster, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502 (1890) from which defendant seeks support for its position does not provide such support. In the Hill case the lower court in deciding that plaintiff was entitled to a patent rested its decision solely on a finding of priority. On appeal from this decision, the Supreme Court held that, under the statute, which was the predecessor of Section 146, the lower court (and the Supreme Court) could not properly authorize the issuance of a patent without deciding, in addition to priority, the issue of patentability. The Hill case differs from the present case in the vital respect that in Hill the appellant was contesting the issue of priority and therefore had standing to appeal, whereas in the present case the defendant contests no issue on which it has the requisite legal interests for an appeal.

Because, therefore, the defendant is a stranger to the litigation, who cannot properly claim to have been adversely affected by the decision of the district court, appellees' motion to dismiss the appeal must be granted.

Appeal dismissed.

4. Appellant's brief makes a vague mention of other patents the value of which would be affected by a judgment that plaintiffs' patent was invalid. Not only is there no support in the record for appellant's statement, but an interest so remote as appellant suggests obviously would provide no ground on which to base an appeal from the judgment below.