**GENERAL MOTORS CORPORATION,**
Appellant,

v.

**R. E. DIETZ COMPANY,** Appellee.

No. 22087.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 7, 1969.

Decided March 6, 1969.

Mr. Hugh L. Fisher, Detroit, Mich., with whom Messrs. George E. Frost, Detroit, Mich., and Frank J. Soucek, Washington, D. C., were on the brief, for appellant.

Mr. Richard von K. Bruns, Syracuse, N. Y., with whom Mr. John F. Smith, Washington, D. C., was on the brief, for appellee.

Before FAHY, Senior Circuit Judge, and LEVENTHAL and ROBINSON, Circuit Judges.

PER CURIAM:

In this case we hold that R. E. Dietz Co., which brought an action in District Court under 35 U.S.C. § 146 (1964) for review of a Patent Office priority determination that favored General Motors, could not amend that complaint to include an objection to a patent to General Motors on the ground of public use or sale more than a year prior to the application.[1] We reverse the District Court order permitting such amendment.[2]

The pertinent background facts may be briefly stated. R. E. Dietz Co., appellee, is the present owner of a patent issued December 3, 1963, on a transistorized vehicle flasher light. Prior to this issuance, appellant, General Motors Corp., had abandoned its application on a similar light due to assertions by the Patent Office of its unpatentability. General Motors in February 1964 again filed a duplicate application and requested an interference, which was declared on July 16, 1964. Thereafter, in January of 1966, R. E. Dietz Co. petitioned the Patent Office to institute a public use proceedings. The Patent Office, however, following its ordinary practice of not instituting public use proceedings

1. 35 U.S.C. § 146 (1964) :

Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Commissioner appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Customs and Patent Appeals, and such appeal is pending or has been decided. In such suits the record in the Patent Office shall be admitted on motion of either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of the parties to take further testimony. The testimony and exhibits of the record in the Patent Office when admitted shall have the same effect as if originally taken and produced in the suit.

Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of, but any party in interest may become a party to the action. If there be adverse parties residing in a plurality of districts not embraced within the same state, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides. Summons against adverse parties residing in foreign countries may be served by publication or otherwise as the court directs. The Commissioner shall not be a necessary party but he shall be notified of the filing of the suit by the clerk of the court in which it is filed and shall have the right to intervene. Judgment of the court in favor of the right of an applicant to a patent shall authorize the Commissioner to issue such patent on the filing in the Patent Office of a certified copy of the judgment and on compliance with the requirements of law.

35 U.S.C. § 102 (1964) provides in part :

A person shall be entitled to a patent unless—

(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, * * *.

2. The case comes to us on an interlocutory appeal from a District Court order which overruled General Motors' objections to the recommendation by a pretrial examiner that such amendment by Dietz be permitted. The District Court certified the question of law for appeal pursuant to 28 U.S.C. § 1292(b) (1964).

after testimony has been taken in a priority proceeding (J.A. 82), denied the petition without prejudice to a subsequent renewal following final determination of the priority. Priority was awarded General Motors on August 9, 1966. Before the expiration of the time for review of this priority, the Dietz Co. renewed its petition for a public use proceeding. This was again denied without prejudice. Appellee Dietz Co. then brought a civil action under 35 U.S.C. § 146 (1964) to review the priority determination. It is this complaint that the Dietz Co. wishes to amend to include the question of public use or sale.

35 U.S.C. § 146 (1964) which derives from R.S. 4915,[3] provides:

Any party to an interference dissatisfied with the decision of the board or patent interferences on the question of priority, may have remedy by civil action * * *.

Different views developed in the circuits as to the duty of the District Courts to go beyond the priority question and decide the issue of patentability and invention. The Supreme Court granted certiorari in Sanford v. Kepner, 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12 (1952), to settle these differences. The Court held that when the District Court finds no merit in the petitioner's priority claim, it it has no duty to address questions of patentability and invention. *See* 344 U.S. at 15, 73 S.Ct. at 76:

The obvious purpose of the quoted part of R.S. § 4915 is to give a judicial remedy to an applicant who has been finally denied a patent because of a Patent Office decision against him and in favor of his adversary on the question of priority. When the trial court decides this factual issue of priority against him and thus affirms the refusal of the patent by the Patent Office, he has obtained the full remedy the statute gives him. *Only if he wins on priority may he proceed.* [Emphasis added.]

The Supreme Court held that only if the District Court finds priority in the applicant may it, as a necessary corollary of the power to authorize issuance of a patent, reach the issue of patentability.[4]

■ Subsequent to *Sanford* other circuits have ruled that a plaintiff unable to prevail in its contention on priority cannot raise in court other issues of patentability.[5] We agree with that interpretation of *Sanford*. It is strengthened by the way § 146 has amended the prior wording of the statute to add the words "on the question of priority." (*See supra* note 1.)

■ The Dietz Co. argues that judicial economy would be served by allowing a court to hear and determine all relevant issues and avoid multiplicity of suits and piecemeal litigation. However, a section 146 action is in essence a suit to set aside a judgment of a quasi-administrative tribunal—the Patent Office. Morgan v. Daniels, 153 U.S. 120, at 124, 14 S.Ct. 772, 38 L.Ed. 657 (1894); Radio Corp. of Am. v. Philco Corp., 201 F.Supp. 135, at 143 (E.D.Pa.1961), aff'd, 309 F. 2d 397 (3d Cir. 1962). Thus of counter-

---

3. 35 U.S.C. § 63 (1946) [derived from Act of July 8, 1870, ch. 230, § 52, 16 Stat. 205, *as amended,* Act of Mar. 2, 1927, ch. 273, § 11, 44 Stat. 1336, Act of Mar. 2, 1929, ch. 488, § 2(b), 45 Stat. 1476, Act of Aug. 5, 1939, ch. 451, § 4, 53 Stat. 1212].

4. It is only in that setting that there is vitality to the passage in Hill v. Wooster, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502 (1890), on which appellee relies. *See* 132 U.S. at 698, 10 S.Ct. 228.

5. See Union Carbide Corp. v. Traver Inv., Inc., 238 F.Supp. 540, 542 (S.D.Ill. 1965); Howard Plastics, Inc. v. Traver Inv., Inc., 205 F.Supp. 522, 523 (S.D.Ill. 1962); Sperry Rand Corp. v. Bell Tele. Laboratories, Inc., 171 F.Supp. 343, 347, reargued 173 F.Supp. 714, 715 (S.D.N.Y. 1959); Eller v. Denton, 143 F.Supp. 564, 565 (S.D.Fla.1956); *see also,* Ellis-Foster Co. v. Union Carbide & Carbon Co., 284 F.2d 917, 925–926 (3d Cir. 1960), cert. denied, 365 U.S. 813, 81 S.Ct. 693, 5 L.Ed.2d 692 (1961); Shell Development Co. v. Pure Oil Co., 111 F.Supp. 197, 207–208 (D.C.D.C.1953), aff'd *sub nom.,* Pure Oil Co. v. Socony-Vacuum Oil Co., 94 U.S.App.D.C. 86, 212 F.2d 454 (1954).

vailing and determinative significance to sound judicial administration is the doctrine of exhaustion of administrative remedies, under which courts generally abstain from consideration of a matter until the Patent Office, with its expertise, has passed on the issue. Taking into account the intricacies of technical matters that may be involved, and the possibility that the Patent Office ruling may obviate the need for court consideration, the exhaustion doctrine furthers overall judicial administration.

 If Dietz cannot prevail in this § 146 action in court, and the Patent Office priority ruling is final, Dietz can file a petition that will result in the Commissioner's instituting a public use proceeding if Dietz makes out a prima facie case.[6]

Reversed and remanded.

---

6. As a last resort the issue may be raised as a defense in any future patent infringement action.