E. I. duPONT de NEMOURS AND COMPANY, a corporation, Plaintiff,

v.

CELANESE CORPORATION, a corporation, Columbia Ribbon and Carbon Manufacturing Co., Inc., a corporation, and Angelo Vaccaro, Defendants.

No. 68 Civ. 723.

United States District Court
S. D. New York.

Sept. 3, 1969.

Ward, McElhannon, Brooks & Fitzpatrick, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant Celanese Corp.

## OPINION

TYLER, District Judge.

In this suit brought pursuant to 35 U.S.C. § 146 to determine priority of invention,[1] plaintiff moves for summary judgment declaring the count in interference unpatentable. The motion, therefore raises the question, apparently of first instance in this circuit,[2] of whether a district court may summarily consider and resolve an issue of patentability in such a suit before determining the question of priority.

The question arises in this case under the following circumstances. Following an interference proceeding before the Board of Patent Interferences and determinations on priority questions by that body adverse to plaintiff, this suit was commenced on February 21, 1968.

Thereafter, defendants moved for partial summary judgment dismissing paragraph 16 of the main complaint and paragraphs 2 and 3 of the prayer for relief upon the theory that those portions of plaintiff's pleading raise issues of patentability, estoppels and statutory bars which are not appropriate in this action because the court's jurisdiction under Section 146 is confined to the question of priority of invention and matters clearly ancillary thereto. After hearing the defense motion, Judge Bonsal denied it, reasoning that the cases construing Section 146, most particularly Sanford v. Kepner, 195 F.2d 387, 390–391 (3d Cir.), *affirmed* 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12 (1952), do not hold that a federal court lacks the power to consider patentability issues in suits brought under that statute. Rather, as Judge Bonsal pointed out, the Supreme Court in *Sanford* and lower federal courts have said that a district court has the power to consider patentability issues in priority cases but usually should refuse to do so. Consequently, Judge Bonsal concluded that determination of the issues of patentability, estoppels and statutory bars, if properly to be made at all in this case, should await resolution of all the facts during discovery and at trial. 291 F.Supp. 428 (S.D.N.Y.1968).

After Judge Bonsal's opinion was filed, the parties engaged in discovery which is apparently completed or virtually so. As a result, plaintiff has made the present motion upon the theory that defendant Celanese, by its attorneys, has recognized through facts gleaned during discovery that the count in interference was and is "dead-invalid". In other

---

1. "Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, * * *. Such suit may be instituted against the party in interest as shown by the records of the Patent Office at the time of the decision complained of, but any party in interest may become a party to the action. * * *" 66 Stat. 803 (1952).

2. It is true, as plaintiff argues, that in an earlier decision of this court in this action Judge Bonsal recognized and held that a district court in a Section 146 suit has the power to consider and decide a question or questions of patentability. See also Sunbeam Corporation v. S. W. Farber, Inc., 243 F.Supp. 75 (S.D.N.Y. 1965) (Tenney, J.). Nonetheless, I do not read Judge Bonsal's decision to squarely pass upon the essential question posed by the present motion.

words, plaintiff submits that discovery to date has established that the count in interference is unpatentable. Furthermore, plaintiff argues that Judge Bonsal in his earlier opinion held in effect that once discovery was completed, this court can and should dispose of this case upon the issue of patentability.

Unfortunately, plaintiff's exegesis of Section 146, Judge Bonsal's opinion and other authorities construing the statute is, in my view, badly flawed. To begin with, plaintiff and its counsel conveniently overlook the circumstance that their present motion raises no issue of priority, which is the principal subject of this action commenced under Section 146. Second, they fail to understand Judge Bonsal's ruling. He did not hold, as plaintiff suggests, that once discovery was completed, the parties could proceed to ignore priority and go at once to issues of patentability. Quite to the contrary, as already indicated, he merely pointed out that in such cases the court may have power to consider the question of patentability but should refrain from doing so, at least until the primary issue of priority is resolved. He emphatically ruled that the facts in this case must be winnowed out not only by discovery but at trial—and that only then should the court be in a position to decide whether it is necessary and proper to consider other issues than that of priority. In other words, I understand the judge to have at least inferred that only after a determination is made in favor of plaintiff on priority after development at trial of the facts relating to priority should this court consider whether or not to delve into the issues of patentability, estoppels and statutory bars.

Thus, Judge Bonsal's opinion, with which I am in complete agreement, could be said to virtually require denial of plaintiff's present motion for summary judgment. At least procedurally, however, the present motion is different from that before Judge Bonsal; also, all or virtually all discovery has been completed prior to the present motion. Thus, in fairness to plaintiff, I choose to face the issue here posed squarely by assuming *arguendo* that plaintiff is correct in saying that discovery has cast up undeniable facts establishing that the count in interference is "dead" or unpatentable.[3] Even upon such assumption, I hold that this court cannot grant summary judgment but must await disposition of the question of priority at trial. Both the statute and the case authorities, in my opinion, require this disposition.

Section 146 by its terms is designed to provide a judicial forum for litigation of claims of priority between respective applicants for patents. Essentially, the statute authorizes "any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority" to bring suit. No specific provision is made therein by Congress for a determination of patentability. Thus, the primary issue raised by such a suit is the question of priority of invention as between the parties. Once the determination of priority has been made by the court, however, Section 146 states the relief which the court may authorize in the following language:

"Judgment of the court in favor of the right of an applicant to a patent shall authorize the Commissioner to issue such patent on the filing in the Patent Office of a certified copy of the judgment and on compliance with the requirements of law." 35 U.S.C. § 146 (1964).

Since the court's judgment, according to this provision, shall be in the form of a declaration of the right of an applicant to a patent, it would seem that if and when plaintiff in this case prevails on the question of priority, then, prior to entry of judgment, the court would be obliged to decide whether plaintiff is entitled to a patent. In all logic, this latter determination would embrace the question of patentability.

3. In fact, I am persuaded by the papers of Celanese that questions of fact remain on this issue.

Sanford v. Kepner, 344 U.S. 13, 73 S. Ct. 75, 97 L.Ed. 12 (1952), deciding a somewhat different question, sustains this analysis. There the Supreme Court had occasion to analyze R.S. § 4915, the predecessor to Section 146. Sanford, having lost on the issue of priority before the board, sued in the district court, both on the issue of priority and on the claim that Kepner's device was unpatentable. After finding against Sanford on the claim of priority, the district court refused to go further and consider the issue of the patentability of Kepner's claim. The Supreme Court agreed with the district court's approach, noting that once a plaintiff has lost in the district court on the issue of priority, his remedy is concluded:

> "The obvious purpose of * * * R.S. § 4915 is to give a judicial remedy to an applicant who has been finally denied a patent because of a Patent Office decision against him and in favor of his adversary on the question of priority. When the trial court decides this factual issue of priority against him and thus affirms the refusal of the patent by the Patent Office, he has obtained the full remedy the statute gives him. Only if he wins on priority may he proceed." Id., at 15, 73 S.Ct. at 76.

I read *Sanford* and the present statute as mandating a relatively strict order of procedure for district courts sitting in Section 146 proceedings. Since the express purpose of the statute is to provide a remedy in controversies concerning priority, that issue must be decided first. Only thereafter may a district court have occasion to consider the question of patentability. I find support for this interpretation in the recent decision by the United States Court of Appeals for the Ninth Circuit in Boyce v. Anderson, 405 F.2d 605 (9th Cir. 1968). Finding no rule to the contrary in this circuit, compare Sperry Rand Corp. v. Bell Telephone Laboratories, Inc., 317 F.2d 491 (2d Cir. 1963), I conclude that plaintiff's motion must be denied.

It is so ordered.