**ALLIED–SIGNAL, INC.**

v.

**ALLEGHENY LUDLUM CORPORATION.**

Civ. No. N–88–199 (JAC).

United States District Court, D. Connecticut.

Sept. 12, 1990.

Patricia A. Martone, David C. Plache, Fish & Neave, New York City, for plaintiff.

Herbert H. Mintz, Mary Jane Boswell, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, D.C., for defendant.

RULING ON PLAINTIFF'S MOTION TO COMPEL AND ON DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

JOSÉ A. CABRANES, District Judge:

Plaintiff Allied–Signal, Inc. ("Allied–Signal"), a Delaware corporation, has brought this action under 35 U.S.C. § 146 against defendant Allegheny Ludlum Corporation ("Allegheny Ludlum"), a Pennsylvania corporation, to review the February 28, 1988 decision of the Board of Patent Appeals and Interferences (the "Board") awarding priority of invention of a "magnetic alloy composition" and a "metal strip method" to defendant. Plaintiff contends that the decision of the Board was erroneous and contrary to law. Because plaintiff was "dissatisfied with the decision of the Board ..." within the meaning of 35 U.S.C. § 146, it filed this civil action on April 28, 1988 seeking a reversal of the Board's decision.

Now pending before the court are two motions: (1) Allegheny Ludlum's Motion for a Protective Order (filed July 30, 1990); and (2) Allied–Signal's Renewal of its August 21, 1989 Motion to Compel Production of Documents and Things and Motion to Compel Certain Deposition Testimony (filed July 30, 1990). These motions are essentially different sides of the same coin; that which plaintiff wants to discover, defendant wishes to protect.

### I. *Background*

Plaintiff originally filed a motion to compel production of certain documents and things on August 21, 1989. After oral

argument in open court on October 5, 1989, the court granted the motion to the extent that defendant deliver to plaintiff an inventory of the contents of a room in defendant's research center in which was collected material that defendant thought its counsel should examine in connection with the interference proceeding before the Board. Defendant complied with the court's order by providing the inventory, and defendant eventually produced the bulk of the documents in the room. *See* Plaintiff's Memorandum in Support of Allied–Signal Inc.'s A) Renewal of its August 21, 1989 Motion to Compel Production of Documents and Things and B) Motion to Compel Certain Deposition Testimony (filed July 30, 1990) ("Plaintiff's Memorandum in Support") at 3. The court's order of October 5, 1989 was "without prejudice to renewal of the motion to compel in due course." *See* Transcript of Hearing of October 5, 1989 (filed Oct. 11, 1989) at 31.

Plaintiff now renews its motion to compel, seeking "depositions and certain additional documents and things responsive to its first set of document requests." Plaintiff's Memorandum in Support at 3. Defendant objects to this request, arguing that the scope of discovery in a § 146 proceeding is narrower than that permitted by the Federal Rules of Civil Procedure and that it has already produced all material which reasonably could have been required.

## II. *Discussion*

■ The standards for discovery in the federal district courts are set forth in Rule 26 of the Federal Rules of Civil Procedure. The rule explicitly states that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

The purpose of 35 U.S.C. § 146 is to give "a judicial remedy to an applicant who has been finally denied a patent because of a Patent Office decision against him and in favor of his adversary on the question of priority." *Sanford v. Kepner,* 344 U.S. 13, 15, 73 S.Ct. 75, 76, 97 L.Ed. 12 (1952) (interpreting predecessor statute, 35 U.S.C.

§ 63). A civil action under Section 146 "by its very terms is designed to provide a judicial forum for litigation of claims of priority between respective applicants for patents." *E.I. duPont de Nemours & Co. v. Celanese Corp.,* 309 F.Supp. 29, 31 (S.D. N.Y.1969) (Tyler, J.); *see also Standard Oil Co. v. Montedison, S.p.A.,* 540 F.2d 611, 616 (3d Cir.1976) (Section 146 is "essentially a proceeding to review the action of the Board of Patent Interferences in an interference proceeding in denying priority of invention to the plaintiff").

According to the governing statute, "[i]n determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other." 35 U.S.C. § 102(g). There are three issues relevant to the question of priority: conception, reduction to practice, and diligence. H. Schwartz, *Patent Law and Practice* 20 (Federal Judicial Center, 1988) ("the party who is both first to conceive the invention and first to reduce it to practice prevails. However, if the first to conceive the invention is not the first to reduce it to practice, the additional element of 'diligence' comes into play.").

Both parties agree that the governing case in this discovery dispute is *Case v. CPC Int'l, Inc.,* 730 F.2d 745 (Fed.Cir.), *cert. denied,* 469 U.S. 872, 105 S.Ct. 223, 83 L.Ed.2d 152 (1984); *see* Plaintiff's Memorandum in Support at 16; Defendant's Memorandum in Opposition to Plaintiff's Renewal of its August 21, 1989 Motion to Compel and Motion to Compel Certain Deposition Testimony (filed Aug. 15, 1990) at 3. In *Case,* the Court of Appeals for the Federal Circuit held that because a proceeding pursuant to 35 U.S.C. § 146 "has the hybrid nature of an appeal and trial de novo, the statute authorizes the district court to accept all proffered testimony on issues raised by the parties during the proceedings below or by the board's decision." *Case,* 730 F.2d at 752. The parties dis-

agree over the meaning of this quoted passage.

Plaintiff argues that a "fair reading of *Case* is that, at trial, this Court has the discretion to allow introduction of all evidence, new or old, which relates to the issue of priority of invention." Plaintiff Allied–Signal, Inc.'s Memorandum in Opposition to Allegheny Ludlum Corporation's Motion for a Protective Order and in Support of Allied–Signal, Inc.'s Motions to Compel (filed Aug. 16, 1990) ("Plaintiff's Memorandum in Opposition") at 12. This would mean that evidence going to the issues of conception, reduction to practice and diligence—the three components of priority—would be admissible in a Section 146 proceeding.

Defendant attempts to refute this argument by relying on an estoppel theory. Drawing on Judge Lifland's recent opinion in *American Cyanamid Co. v. Ethicon, Inc.*, Civ. A. No. 85–3053 (JCL), 1989 WL 85646 (WESTLAW), 1989 U.S.Dist. LEXIS 8748 (D.N.J.1989), defendant argues that even if conceived as a trial de novo, a Section 146 proceeding is " 'subject to the general rule of estoppel applicable to proceedings for the review of administrative agency actions that consideration of issues ancillary to priority is limited to those issues which have been raised before the Board in the interference proceeding.' " *Id.* (quoting *Standard Oil*, 540 F.2d at 616). Defendant argues that the issues which may be pursued during discovery in a Section 146 action "are limited to those specifically contested between the parties before the Board or to issues which were raised ... *sua sponte*, in the Board's decision." Defendant Allegheny Ludlum Corporation's Memorandum of Law in Support of its Motion for a Protective Order (filed July 30, 1990) at 5.

Defendant characterizes the *Ethicon* decision as standing for the proposition that "a § 146 review proceeding is subject to the general rule of administrative estoppel." *Id.* at 6. But defendant has misread the cases on which it now hopes to rely. In *Standard Oil*, 540 F.2d at 616—the case

quoted by Judge Lifland in *Ethicon*—the Court of Appeals for the Third Circuit considered the question of whether or not fraud in the interference proceeding could be raised, for the first time, in a Section 146 action. The important question for the court in *Standard Oil* was whether or not the alleged fraud "affected the determination by the Board of the factual issue of priority of invention.... [I]ssues of fraud *involving other matters* are irrelevant to that issue and may not be entertained if they have not been considered by the Board." *Id.* at 617 (emphasis added). In other words, the limitation which the defendant now urges on this court—that the only issues upon which discovery may be obtained are those that were specifically raised by the parties before the Board or by the Board itself—applies only to issues *not* affecting the Board's determination of priority. In the passage from *Standard Oil* from which defendant derives its estoppel theory, "consideration of issues *ancillary to* priority is limited to those issues which have been raised before the Board in the interference proceeding." *Id.* at 616 (emphasis added). Far from standing for the broad proposition that estoppel precludes discovery of *all* issues not specifically raised before or by the Board, the rule of *Ethicon* and *Standard Oil* precludes consideration only of those issues not "raised before the Board," *id.*, that are ancillary to priority.

A discovery request must be denied if it does not appear "reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Having now determined that evidence going to the issue of priority—*i.e.*, issues of conception, reduction to practice and diligence—is admissible in a Section 146 proceeding, the only question left to consider is whether or not plaintiff's requests are "reasonably calculated to lead to the discovery of" evidence relevant to priority.

### III. *The Particular Discovery in Question*

Plaintiff has the following outstanding

discovery requests: *

> Part A # 1—Laboratory notebooks of certain Allegheny Ludlum scientists who worked with amorphous metals;
>
> Part A # 2—Samples of amorphous metal alloys prepared at Allegheny Ludlum from 1978 through February 29, 1988;
>
> Part A # 5—Copies of the patent application files which were the subject matter of the interference, as well as foreign counterparts thereof;
>
> Part B—Depositions of Messrs. Veeraraghavan, Echon, Shilling, Kish, and Ames, as well as one expert on x-ray diffraction patterns and another expert on third party testing of amorphous metal alloys and on Allegheny Ludlum's use of the bend test.

### A. Notebooks of the Scientists

■ The laboratory notebooks of the scientists working on amorphous metal alloys may contain information critical to the questions of when Allegheny Ludlum scientists conceived the inventions and when they reduced them to practice. This request, while certainly broad, is nonetheless reasonably calculated to lead to evidence that will be relevant to the issue of priority —evidence, in other words, that will be admissible at trial. The motion to compel with respect to this request is GRANTED.

### B. Samples of Amorphous Metal Alloys

Allied–Signal argues that samples of Allegheny Ludlum's alloys are necessary for an independent evaluation of the reduction to practice and of Allegheny Ludlum's testing equipment and procedures. Plaintiff's Memorandum in Opposition at 27. The court will allow plaintiff a certain degree of latitude with this request, but plaintiff shall take reasonable steps to avoid both overburdening Allegheny Ludlum and damaging the samples themselves. The motion to compel with respect to this request is GRANTED.

### C. Copies of the Patent Applications

■ Inasmuch as a party may not challenge patentability before the issue of priority is resolved, *Sanford v. Kepner*, 344 U.S. 13, 15, 73 S.Ct. 75, 76–77, 97 L.Ed. 12 (1952), it is not apparent how discovery of the patent application files will lead to the discovery of admissible evidence. Plaintiff is free to acquire all documents that are available to the public, but any internal document is likely to be privileged and/or irrelevant, and compliance with this request is likely to be burdensome. Therefore, the motion to compel with respect to this request is DENIED.

### D. The Depositions

■ The scope of the depositions described in Part B of the motion to compel shall be limited to questions bearing directly on the issues of conception and reduction to practice. Allied–Signal shall conduct these depositions in an efficient and reasonable manner, and the court is prepared to intervene should Allegheny–Ludlum raise any serious objections. The motion to compel with respect to this request is GRANTED.

### IV. *Conclusion*

For the reasons stated above, defendant Allegheny Ludlum Corporation's Motion for a Protective Order (filed July 30, 1990) is DENIED. Plaintiff Allied–Signal, Inc.'s Renewal of its August 21, 1989 Motion to Compel and Motion to Compel Certain Deposition Testimony (filed July 30, 1990) is GRANTED with respect to Part A ## 1, 2, 3 and 4 (as modified in the oral hearing of August 17, 1990) and to the Part B deposi-

---

* At oral argument on August 17, 1990, the Court GRANTED, in part, plaintiff's motion to compel with respect to two of its requests:

Part A # 3—Contemporaneous published articles and speeches of S. Leslie Ames, Vilakkudi G. Veeraraghavan, Stephen D. Washko, James M. Echon, Harold L. Helgert, Jack W. Shilling and James G. Benford regarding amorphous metal alloys, Transcript of Hearing of August 17, 1990 (filed Aug. 22, 1990) at 7, 28;

Part A # 4—*Production of all documents at Allegheny Ludlum—ascertained through inquiry of appropriate Allegheny Ludlum personnel— relating to uses of the bend test to determine amorphousness*, *id.* at 32.

tions and DENIED with respect to Part A # 5.

It is so ordered.