Alexander P. DeSEVERSKY, Appellant,

v.

Edward J. BRENNER, Commissioner
of Patents.

No. 22202.

United States Court of Appeals,
District of Columbia Circuit.

Argued Dec. 9, 1969.

Decided Feb. 13, 1970.

Petition for Rehearing Denied
April 14, 1970.

Mr. John M. Calimafde, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. John F. Smith, New York City, was on the brief, for appellant.

Mr. Joseph F. Nakamura, Atty. with whom Mr. S. Wm. Cochran, Acting Solicitor, was on the brief, for appellee. Mr. Joseph Schimmel, Solicitor, at the time the record was filed, also entered an appearance for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL and ROBB, Circuit Judges.

PER CURIAM:

The application for patent filed by appellant discloses an electrostatic precipitator for cleaning contaminated or polluted air, the walls of the precipitator, which resembles two concentric cylinders with a passage between them, being continuously cleaned by a uniform film of flowing water. An original application filed January 5, 1955, resulted in the issuance of patent 2,937,709 on May 24, 1960. The application involved in this appeal is a division of the original application, and contained five claims. Four claims were allowed. Claim 20 was denied.

The Patent Office held that appellant's claim represented merely an obvious following of the teaching of three prior patents. The appellant filed an action under 35 U.S.C. § 145, and had a trial de novo at which he presented new evidence. The District Court entered findings of fact supporting the conclusion of obviousness in relation to the prior patents.[1]

---

1. The District Court found: "4. The Burns patent, No. 1,250,088, discloses the concept of a wet precipitator utilizing a flowing liquid film as an electrode and

The District Court's salient conclusions of law stated: "In trials *de novo* under 35 U.S.C. § 145, great weight attaches to the expertise of the Patent Office and its findings on the issue of obviousness, particularly in highly technical matters, and the decision of the Patent Office will not be overturned unless new evidence is introduced which carries 'thorough conviction' that the Patent Office erred." The principles stated by the District Court are sound.[2] Indeed appellant goes so far as to attack the basic premise of the District Court, that the action must fail because appellant had not shown that the Patent Office erred, precisely on the ground that this was not necessary because "appellant presented vitally new issues and new evidence never considered by the Patent Office." (Br. 2).

What is stressed on appeal as non-obvious is appellant's testimony at trial that he discovered he could pass air through the precipitator at high velocity without blowing out the water applied to the outside curved surface of the inner tube. This he accomplished by providing a venturi expanding the incoming air as it was admitted into the space between the tubes, so that the air acted as a cloud of force and velocity that pushed the water back against the tube wall.

Appellant did not refer to the venturi in the application before us.[3] It may be that he would have been entitled in the Patent Office to rely on certain general wording of part of claim 20 cast in functional terms,[4] at least to the extent of the description of venturi set forth in the original application which resulted in a patent. The Patent Office takes issue, saying that the original application referred to a venturi for air coming into a tube, and not an annular passage between tubes.

We do not pause to consider this issue on the merits. It is enough to say that appellant not only failed to present this matter in the claim and application, but also failed to present the issue to the Patent Office.

In an action under 35 U.S.C. § 145, the plaintiff has a trial *de novo* and may introduce evidence not previously presented to the Patent Office. But he is precluded from presenting new issues, at least in the absence of some reason of justice put forward for failure to present the issue to the Patent Office. This rule, set forth in California Research Corp. v. Ladd, 123 U.S.App.D.C. 60, 68, 356 F.2d 813, 821 (1966),[5] is a

---

shows that this concept is old. 5. The Nesbit patent, No. 1,357,202, while it relates to a dry rather than a wet precipitator, yet encompasses the broad teaching of an annular gas flow passage and precipitator devices in general. 6. Penney et al., in their patent No. 2,448,046, teach the recirculation of the liquid used in a wet precipitator. 7. It would constitute merely an obvious following of Nesbit's teaching to modify the Burns device to provide it with a gas flow passage annular rather than purely cylindrical configuration. In the light of the modification involved, and the troughs shown by Burns for collecting and discharging the liquid films, concentric troughs, one for each tubular film, would be logically expected. 8. In view of the Penney et al, patent, it would be an obvious expedient to provide the Burns device with means for recirculating the liquid used therein."

2. National Distillers & Chemical Corp. v. Brenner, 128 U.S.App.D.C. 386, 389 F.2d 927 (1967); California Research Corp. v. Ladd, 123 U.S.App.D.C. 60, 356 F.2d 813 (1966).

3. Compare Lincoln Engineering Co. of Illinois v. Stewart-Warner Corp., 303 U.S. 545, 550, 58 S.Ct. 662, 82 L.Ed. 1008 (1938).

4. Claim 20, section (b) refers to a "means * * * to produce a downwardly flowing and substantially uniform liquid film on those surfaces of said inner and outer tubes which line said passage."

5. "Although each side 'may strengthen its case with additional material' the plaintiff may not submit for the first time evidence which he was negligent in failing to submit to the Patent Office, see Killian v. Watson, 121 U.S.P.Q. 507 (D.D.C. 1958). In short, the District Court proceeding may not be conducted in disregard

phase of the doctrine of exhaustion of administrative remedies, a doctrine that is applicable to actions brought to overturn determinations of the Patent Office. General Motors Corp. v. Dietz Co., 137 U.S.App.D.C. 100, 103, 420 F.2d 1303, 1306, (June 6, 1969). This doctrine, which requires courts to abstain from consideration of an issue that has not been presented to the Patent Office, is a necessity of sound judicial administration, since the application of Patent Office expertise in the first instance may either obviate the need for judicial consideration, or illuminate the issues and facilitate the court's disposition.

Since appellant advances no reason for failure to present the issue to the Patent Office, we need not consider in what circumstances the interest of justice may carve an implied exception out of the exhaustion doctrine requiring presentation of issues in the first instance to the Patent Office.

Affirmed.

of the general policy of encouraging full disclosure to administrative tribunals, cf. United States v. Carlo Bianchi & Co., 373 U.S. 709, 716–717, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963); National Broadcasting Co. v. United States, 319 U.S. 190, 227, 63. S.Ct. 997, 87 L.Ed. 1344 (1943)."