**UNITED STATES of America,**
**Appellee,**

v.

**SAF-T-BOOM CORPORATION,**
**Appellant.**

**No. 20175.**

United States Court of Appeals,
Eighth Circuit.

Sept. 30, 1970.

Ben F. Arnold, Little Rock, Ark., for appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Morton Hollander, T. Hayward Brown, and Vito J. DiPietro, Attys., Department of Justice, Washington, D. C., and Wilbur H. Dillahunty, U. S. Atty., Little Rock, Ark., for appellee.

Before MATTHES, Chief Judge, HEANEY, Circuit Judge, VAN PELT, Senior District Judge.

PER CURIAM.

■ This suit was filed by the United States of America for the purpose of cancelling United States Letters Patent No. 2,950,016, granted to Arthur J. Thomas on the basis of an application filed in 1958, and which patent was subsequently assigned by him to Saf-T-Boom.[1] It is well settled that in the interest of protecting the public from the monopoly of a patent procured by fraud, such patent should be annulled, and that the only means by which this may be conclusively accomplished is in a direct proceeding brought by the Government. United States v. American Bell Telephone Co., 128 U.S. 315, 9 S.Ct. 90, 32 L.Ed. 450 (1888); Hazel-Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 251, 64 S.Ct. 997, 88 L.Ed. 1250 (1944).

■ After a trial to the bench, Judge J. Smith Henley found that the patent had been issued as a result of actual or constructive fraud on the part of Thomas, in that he filed in support of the application an affidavit which was false in part and upon which the patent office relied in issuing the patent. The district court opinion is published at 164 U.S. P.Q. 283 (1970).

In seeking reversal appellant Saf-T-Boom submits two issues: (1) the court erred in finding the device covered by the Thomas patent differed in no substantial respect from the device covered in the 1952 application for patent, and described in prior publications in the United States; (2) the court erred in finding that fraud had been practised on the United States Patent Office for the reason that the patent examiner and the other agents of the patent office had no right to rely on the representations made in the oath of Arthur Thomas [concededly false], because an independent search conducted by the patent office would have revealed that the allegations in the oath were not true. The same points were relied upon in the district court, were fully developed in the plenary hearing before Judge Henley, and were rejected by him. We agree with his reasoning and the ultimate result.

The first contention presented an issue of fact. The record fully supports Judge Henley's finding that "The device covered by the patent differs in no substantial respect from the device described in the 1952 application and in publications in this country between 1952 and 1958 and which was manufactured and sold by Thomas in years prior to 1958." 164 U.S.P.Q. at 284. Concluding as we do that the finding of Judge Henley is not clearly erroneous, we are not at liberty to reach a different result.

For the reasons delineated by the district court at 284 of 164 U.S.P.Q. we are also convinced that the second contention set forth above is without sub-

---

1. The patent was the subject of prior litigation. See Crane Boom Life Guard Co. v. Saf-T-Boom Corp., 362 F.2d 317 (8th Cir.), cert. denied, 386 U.S. 908, 87 S.Ct. 853, 17 L.Ed.2d 782 (1966).

stance. See Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 65 S.Ct. 993, 89 L.Ed. 1381 (1945); 35 U.S.C.A. § 111; Patent Office Rule 51 (37 C.F.R. § 1.51 (1949)); Patent Office Rule 65(a) (37 C.F.R. § 1.65(a) (1949)).

Appellant has failed to persuade us that the district court reached the wrong result. Accordingly, the judgment is affirmed.