## SHAFFER TOOL WORKS
### v.
## JOY MANUFACTURING COMPANY.

## SHAFFER TOOL WORKS and Raymond W. Walker
### v.
## JOY MANUFACTURING COMPANY and Charles D. Crickmer.
### Civ. A. Nos. 70–H–259, 71–H–1278.

United States District Court,
S. D Texas,
Houston Division.

Oct. 25, 1972.

See also, D.C. 352 F.Supp. 822.

Fulbright, Crooker & Jaworski, James F. Weiler, Houston, Tex. and Miketta, Glenny, Poms & Smith, Paul Adams, Los Angeles, Cal., for plaintiffs.

Chilton Bryan, Houston, Tex., Rose, Schmidt & Dixon, Raymond G. Hasley, and E. W. Breisch, Pittsburgh, Pa., for defendants.

R. V. Lupo, Associate Sol., Washington, D. C., for U. S. Patent Office.

## MEMORANDUM OPINION

SEALS, District Judge.

Civil Action No. 70–H–259 is a suit for patent infringement. Civil Action No. 71–H–1278 is a suit seeking review of a decision of the Board of Patent Interferences of the United States Patent Office. By an order of this Court on February 24, 1972, further proceedings in Civil Action No. 70–H–259 were stayed, except for discovery, pending the outcome of Civil Action No. 71–H–1278. All discovery taken in either case was held to be admissible in the other.

Soon after the commencement of the infringement suit, Joy Manufacturing attempted to take the depositions of certain patent examiners who had worked on the patent in suit. After a hearing Judge Allen B. Hannay permitted the depositions to take place, but narrowed their scope to:

"matters of fact and [they] must not go into hypothetical or speculative areas or the bases, reasons, mental processes, analyses or conclusions of the patent examiners in acting upon the patent applications maturing into the patent challenged herein." Civil Action No. 70–H–259, Memorandum and Order, August 12, 1970.

Some ninety-six questions propounded by Joy's attorneys to four patent examiners were objected to by the Plaintiff and by the Patent Office as being outside the scope of Judge Hannay's order. Joy filed a motion to compel answers on March 27, 1972, which was placed on the motion docket for May 15, 1972. On June 28, 1972, the motion was heard and oral arguments were presented by both sides and by the Patent Office. The Court requested post hearing briefs.

In summary, the Plaintiffs contend that all of the questions violate the order by inquiring into the thought processes of the examiners. The Patent Office no longer considers thirty-four of the questions improper and has very considerately listed all of the challenged questions on separate lists for the Court and parties, (DX–H1). The Defendants contend that in light of recent case law on the issue of fraud upon the Patent Office in the procurement of a patent the order should be broadened. Alternatively the Defendants contend that the questions are proper under Judge Hannay's order and that the information sought is essential to the presentation of their defense of invalidity of the patent.

The Court has reviewed the cases cited by the Defendants in support of expanding the scope of the protective order, Charles Pfizer & Co. v. FTC, 401

F.2d 574 (6th Cir. 1968), Beckman Instruments, Inc. v. Chemtronics, Inc., 428 F.2d 555 (5th Cir. 1970), and United States v. Saf–T–Boom Corp., 431 F.2d 737 (8th Cir. 1970) and Monsanto Company v. Rohm & Haas Co., 312 F.Supp. 778, aff'd 456 F.2d 592 (3d Cir. 1972), and finds those cases inappropriate on that point. Undeniably each of these cases stands for the proposition that a patent applicant is under an absolute duty of full and complete disclosure of all matters reflecting adversely upon his patent, and that a failure to disclose or an affirmative misrepresentation may be asserted to prove the invalidity of the patent acquired, Beckman Instruments, *supra,* 428 F.2d at 560, and are actionable in antitrust as well. *Id.,* at 566. These cases permit proof of misconduct in the Patent Office, but they provide little guide as to the appropriate scope of interrogation of Patent Office employees in cases where such misconduct is at issue. In the *Charles Pfizer & Co.* case the Court of Appeals had earlier remanded the case to the Federal Trade Commission for further consideration of the fraud issue and directed that certain questions be put to the patent examiner to clear up the record on that issue. American Cyanamid Company v. FTC, 363 F.2d 757, 777 (6th Cir. 1966). This appears however to have been an unusual situation and not really analogous to the case at bar. For the most part where fraud on the Patent Office has been an issue it has been proven by use of objective facts from the application file itself which when compared to other data in the possession of the applicant (correspondence, business documents and memos) or of the public generally prove to be misrepresentations, omissions, or understatements of adverse matters. Therefore, the scope of the order of August 12, 1970, will not be broadened.

The purpose of that order was to protect the integrity of the decision making processes of the patent examiners,

for that reason little purpose would be served in not letting the examiners answer those questions which the Patent Office does not think will interfere with its functions or the ability of its examiners to give careful, but not overly cautious, consideration to patent applications. This is especially so when compared to the liberal discovery philosophy of the Federal rules. Therefore, the deponents will be directed to respond to those thirty-four questions listed on exhibit A to Defendant's Exhibit H–1.

Having examined the remaining sixty-two questions of exhibit B to Defendant's Ex. H–1 in light of Judge Hannay's limiting order the Court is of the opinion that all of those questions to which objection was made are speculative and probe matters outside the permissible scope of that order except for the questions listed below. The challenged questions are identified by the name of the deponent and the transcript page number where the question appears. Where more than one question appears on the same page they will be identified by arabic numerals in parentheses.

Leppink—Pages 57, 83, 92, 93(1), and 113

Hersh—Pages 138, 146(1) and (2), and 152

Purser—Pages 188(1) and (2)

The Defendant is entitled to have the enumerated questions answered by the deponents.

All questions listed in exhibit A to Defendant Ex. H–1 and the enumerated questions from exhibit B to Defendant Ex. H–1 shall be answered by the deponents in writing within thirty days from today's date. The question should be repeated in full and be followed by the deponent's answer. Counsel will attempt to resolve any further discovery problems which the answers may provoke before seeking the aid of the Court. Local Rule 16G, So.Dist.Tex., July 1, 1972.