See also, D.C., 352 F.Supp. 824.

**SHAFFER TOOL WORKS and Raymond W. Walker, Plaintiffs,**

v.

**JOY MANUFACTURING COMPANY and Charles D. Crickmer, Defendants.**

**Civ. A. No. 71–H–1278.**

United States District Court, S. D. Texas, Houston Division.

Dec. 23, 1974.

**538**

William Poms and Louis J. Bovasso of Miketta, Glenny, Poms & Smith, Los Angeles, Cal., and James F. Weiler of Fulbright, Crooker & Jaworski, Houston, Tex., for plaintiff.

Raymond G. Hasley of Rose, Schmidt & Dixon, E. W. Breish from Joy Manufacturing Co., Pittsburgh, Pa., and Chilton Bryan of Bryan, Patton & Westmoreland, Houston, Tex., for defendants.

SEALS, District Judge.

## MEMORANDUM AND ORDER:

The Court, having considered the motions pending in this cause of action, hereby orders:

Motion Under Rule 16 by Defendant Joy Manufacturing Company is granted in part and denied in part.

Joy's motion consists of four requests for orders to aid in framing and limiting the issues in this litigation. While Rule 16 of the Federal Rules of Civil Procedure does not appear to be the proper means, the end sought is a worthy one and merits consideration by the Court.

■ The first part of the motion seeks to have Plaintiffs barred from introducing evidence of Plaintiff Walker's reduction to practice. In so moving, Joy properly cites the applicable jurisdiction-conferring statute which provides in pertinent part:

> In such suits the record in the Patent Office shall be admitted on motion of either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the wit-

nesses as the court imposes, *without prejudice to the right of the parties to take further testimony.* The testimony and exhibits of the record in the Patent Office when admitted shall have the same effect as if originally taken and produced in the suit.

35 U.S.C. § 146 (emphasis added). Under the judicial interpretation of this statute, the evidence before the district court may only relate to those issues presented to the Board of Patent Interferences, even though the evidence is new, but evidence withheld from the Board is generally inadmissible in the district court. Montecatini Edison, S. P.A. v. Ziegler, 159 U.S.App.D.C. 19, 486 F.2d 1279, 1283 (1973); Cody v. Aktiebolaget Flymo, 146 U.S.App.D.C. 345, 452 F.2d 1274, 1278–80 (1971), cert. denied, 405 U.S. 990, 92 S.Ct. 1254, 31 L. Ed.2d 456 (1972); Kirschke v. Lamar, 426 F.2d 870, 874 (8th Cir. 1970). See also DeSeversky v. Brenner, 137 U.S. App.D.C. 369, 424 F.2d 857, 858 (1970) (construing 35 U.S.C. § 145).

■ In their motion, Defendants cite this principle, and Plaintiffs do not appear to disagree with it. But the question to be decided is whether or not the issue of Walker's actual reduction to practice was ever before the Board. It is here that the parties markedly disagree, and inasmuch as the record of the proceedings before the Board is not yet before this Court, it does not appear to be possible for this Court to reach a decision on this point. Therefore, the Court will not make a final determination of this issue at this time. Rather, the Court will permit Plaintiffs to prove their contention that the Board had the information in question.

■ If Plaintiffs are unable to prove that the Board had the information, then Plaintiffs will have to show that they did not knowingly withhold it from the Board. However, if, from the proof offered, it is not immediately apparent whether or not the Board had the information, or that the information was or was not knowingly withheld, then the Court may, if it deems it prudent, admit the evidence subject to objection

and later exclusion. See Kirschke v. Lamar, 426 F.2d 870 (8th Cir. 1970), aff'g 300 F.Supp. 146 (W.D.Mo.1969). However, even if it is determined that Plaintiffs failed to present the issue to the Board, they may still be permitted to show "some reason of justice . . . for failure to present the issue to the Patent Office." DeSeversky v. Brenner, 137 U.S.App.D.C. 369, 424 F.2d 857, 858 (1970), citing California Research Corp. v. Ladd, 123 U.S.App.D.C. 60, 356 F.2d 813, 821 (1966).[1]

The second part of the motion seeks to have certain expert testimony excluded from this Court. The testimony concerns interpretation of certain written disclosures in the patent application, and was apparently excluded by the Board. Here the disagreement between the parties is as to the applicable rule of law.

▮ The Court is of the opinion that expert testimony will be necessary in the instant case in order for the Court to fully comprehend the nature and extent of the controversy. In the case of Solomon v. Renstrom, 57 F.Supp. 223 (D. Neb.1944), cited by Defendants, it was held that expert testimony is not admissible. However, the United States Court of Appeals for the Eighth Circuit, in affirming *Solomon,* held:

> The interpretation of the claims of a patent is not to be determined by the opinion of experts, but is a question of law for the court . . . The additional [expert] evidence was therefore simply advisory. The court was not required to accept it even though it may have stood without contradiction.

150 F.2d 805, 808 (8th Cir. 1945). *See also* Xerox Corp. v. Dennison Mfg. Co., 322 F.Supp. 963, 967 n. 3 (S.D.N.Y. 1971).

Therefore, the expert testimony will be admitted, subject to objection and later exclusion. The Court is of the opinion that this question is not determinable until the time of the trial, and the Court will entertain further arguments of the parties including written trial briefs if the parties so desire. If briefs are submitted at the time of the trial they should deal closely with the question of whether or not a district court in a § 146 proceeding is subject to the same rules of evidence as the Board of Patent Interferences. Up to this point, no arguments or authorities presented by the parties, or found by the Court are deemed sufficiently persuasive to require pretrial exclusion of the expert testimony in question.

▮ The third part of the motion seeks to have other expert testimony excluded. This evidence is in regard to certain patent drawings and was apparently rejected by the Board. If the testimony in question is merely that of additional experts, then it would seem that it is admissible at least in an advisory capacity. If it is sought to be admitted as further evidence concerning issues raised before the Board then it is admissible under the judicial interpretations of 35 U.S.C. § 146 cited above.

Defendants rely, in part, on Permutit Co. v. Graver Corp., 284 U.S. 52, 60, 52 S.Ct. 53, 55, 76 L.Ed. 163 (1931), where the Court held:

> Moreover, while drawings may be referred to for illustration and may be used as an aid in interpreting the specification or claim, they are of no avail where there is an entire absence of description of the alleged invention or a failure to claim it.

Thus, it would seem that the issues yet to be decided in the case at bar provide the underpinnings for a decision as to whether or not the testimony in question is admissible, or the weight it is to be accorded. As the Court of Customs and Patent Appeals stated in Application of Chitayat, 408 F.2d 475, 478 (C.C.P.A. 1969), also relied on by Defendants:

> In view of the absence in Frank's specification of any written description of the quantitative value of the

---

1. While *DeSeversky* and *California Research* deal with 35 U.S.C. § 145 rather than 35 U.S.C. § 146, the language quoted would appear to be applicable to a § 146 proceeding as in the case at bar.

image displacement relative to fiber diameter, the arguments based on mere measurement of the drawings appear to us of little value.

Therefore, here, again, the evidence will be admitted subject to objection and later exclusion. A pretrial order of exclusion would not appear to benefit either the Court or the parties. If the evidence is found to be inadmissible after it is heard, it will be disregarded by the Court.

The fourth and final part of the motion seeks alternative relief, so that if the Court chooses to admit the expert testimony, then Defendants want such testimony to be limited to the persons who testified before the Board.

■ The final part of the motion would seem to defeat the purpose of a § 146 proceeding, for if the complaining party is limited to the same evidence presented to the Board then there is no point in having a trial. Therefore, Plaintiffs shall be permitted to offer such expert testimony as they desire, subject of course to objection and exclusions. Such exclusion may be imposed either at the time the testimony is sought to be admitted, while it is proceeding, or after it has been completed.

Defendants' Motion for Discovery is granted in part and denied in part.

■ The interrogation sought of the named Patent Examiners may proceed, except the Defendants may not repeat or rephrase questions already presented to the named Examiners, nor may the questions be violative of this Court's Memorandum Opinion of October 25, 1972, reported at 352 F.Supp. 824.

■ Defendants shall not receive the drawings requested, nor may they further depose Mr. Miketta as requested in the motion. The Court is of the opinion that the drawings in question are either already in Defendants' possession whether by previous discovery, from the

public record of the Patent Office, or from Defendants' own knowledge, or that such drawings as described by Defendants would constitute matter prepared in anticipation of litigation. Defendants have not presented sufficient grounds to show the requisite need or resultant hardship to require discovery. Rule 26(b)(3), F.R.Civ.P.

■ Defendants shall not be permitted to file interrogatories requiring identification of documents in the files of Plaintiffs' attorneys. It would appear that Plaintiffs are correct in their claim that this material was prepared in anticipation of litigation, so that the discovery sought is, at best, pointless, and apparently improper. Here, again, Defendants have made no showing of the requisite need and hardship to require this discovery. Rule 26(b)(3), F.R.Civ.P.

■ Defendants shall be permitted to depose Mr. Charles H. S. Howe except insofar as this would violate the Court's Order of March 4, 1974 denying Defendants' Motion to Enlarge Discovery. However, since it is Plaintiffs' contention that Mr. Howe has no personal knowledge of the facts in this cause of action, if, in being deposed, Mr. Howe so states under oath, then that shall constitute sufficient answer to the questions in addition to any privilege that he may assert.

■ Defendants shall not be permitted to depose the named Shell Oil Company employees. Defendants have made this request in the alternative so that if the Court agrees to limit the issues at trial to those submitted to the Board, which this Court agrees is the applicable law, then the request need not be granted. As stated above, the issues at trial are to be those that were before the Board, however, it remains to be determined what were the issues before the Board.