Janet BLACK, personally, and Janet Black, Executrix of the Estate of Donald L. Black, Appellees/Cross–Appellants,

v.

Edward Evan HESSE, Appellant/Cross–Appellee.

Nos. 88–1934, 88–1936.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1989.

Decided March 10, 1989.

James A. Pratt, Council Bluffs, Iowa, Michael V. Hesse, Riverside, Cal., for appellant/cross-appellee.

Lyle A. Rodenburg, Council Bluffs, Iowa, for appellees/cross-appellants.

Before LAY, Chief Judge, ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

This diversity case arises from a dispute between Donald Black's widow, Janet Black, and his former business associate, Edward Hesse, over the proceeds of Donald Black's $50,000 life insurance policy. The District Court[1] entered judgment for Mrs. Black, after the jury answered each of the special interrogatories submitted at the close of the evidence in favor of Mrs. Black's position. Hesse appeals, claiming that there was insufficient evidence to support the jury's answers to the interrogatories, and that, in any case, the facts found

by the jury do not establish Mrs. Black's entitlement to the proceeds as a matter of law. We affirm.

We review the evidence at trial in the light most favorable to the jury's conclusions. In particular, we assume that the jury resolved any direct factual conflicts in Mrs. Black's favor, and that everything this evidence tended to prove is true. See *Brown v. Missouri Pacific Railroad,* 703 F.2d 1050, 1052 (8th Cir.1983).

On his retirement in January 1984, Donald Black decided to open a pizza restaurant in Bellevue, Nebraska. Black initially planned to go into business in partnership with Edward Hesse, an old friend from his service in the Marine Corps. At about this time, the Blacks filled out an application for life insurance, and mailed it along with a handwritten note from Mr. Black, dated February 18, 1984, which named Hesse as his beneficiary. Responding to the insurance company's investigation of the application, Mr. Black wrote a second note to the company explaining that:

> Ed Hesse and I are business partners and we intend to carry life insurance policies on each other to protect our mutual financial interests.

Janet Black testified that her husband had told her several times that he and Hesse intended to take out insurance policies to enable the surviving partner to buy out the other partner's interest in the event of his death. Before the insurance policy issued in June 1984, the partnership between Black and Hesse had been abandoned because of Hesse's failure to contribute capital to the pizza restaurant. Hesse conceded that he never made Mr. Black a beneficiary on any life insurance policy of his own.

The jury was asked whether Mrs. Black had "established by a preponderance of the evidence that the designation was conditional and was only to take effect when Hesse performed certain obligations," Interrogatory No. 2, and, if so, whether Mrs. Black had "established by a

1. The Hon. William C. Stuart, Senior United States District Judge for the Southern District of Iowa.

preponderance of the evidence that Hesse did not perform the necessary obligations," Interrogatory No. 2(a). We agree with the District Court that there was sufficient evidence to support the jury's answers in the affirmative. It is true, as Hesse argues, that Mrs. Black's evidence regarding the partnership agreement was hearsay, and the District Court properly upheld the objection of Hesse's counsel to Mrs. Black's testimony on direct examination concerning what her husband told her. On cross-examination, however, Hesse's counsel asked Mrs. Black what grounds she had for her belief that a partnership agreement existed. When she answered by repeating her hearsay testimony, Hesse's counsel did not object. We cannot find error in the admission of evidence which Hesse's counsel solicited without objection, see Fed.R.Evid. 103(a)(1). Furthermore, Mr. Black's response to the insurance company's investigation of his application fully corroborates Mrs. Black's report of her husband's expressed intent. Although Hesse's testimony contradicts Mrs. Black's story, the jury was entitled to disbelieve him.

Hesse argues that the jury's finding of Mr. Black's intent is insufficient as a matter of law to make out the existence of a contract between Mr. Black and Hesse. Hesse argues that the requisite written memorandum of mutual intent between Mr. Black and himself is absent, and so there is no contract to enforce. It may be true that rules of contract law, like the statute of frauds, would bar enforcement of Mr. Black's oral agreement with Hesse. However, Mrs. Black's action is not a claim for damages resulting from a breach of an enforceable contract, nor does she seek to compel Hesse to perform his end of the abortive bargain with her deceased husband. Far from enforcing the bargain, she is merely seeking restitution of Mr. Black's performance from Hesse. At common law, where a party to an unenforceable contract fails to perform, the other party may suspend performance, and has a cause of action for the value of the performance rendered before the suspension. See *Restatement of Contracts* (2d) § 141(2). Rules like the statute of frauds, which make certain agreements unenforceable, do not bar claims in restitution resulting from such agreements, and evidence of an unenforceable agreement remains admissible for any purpose other than the enforcement of the agreement itself. See *Restatement of Contracts* (2d) §§ 375 and 143. Here, Mrs. Black proved to the satisfaction of the jury that Mr. Black's designation of Hesse as a beneficiary was a partial performance of a partnership agreement, which Hesse failed to perform. We have no reason to question the District Court's conclusion that Mrs. Black has a remedy under Iowa law for restitution of the benefit conferred on Hesse.

The jury also found for Mrs. Black on her theories that Hesse had never been made a beneficiary to begin with, and that Hesse was estopped to assert his claim by virtue of an oral promise to release the proceeds to her. Because the judgment below is independently supported under Mrs. Black's restitution theory, we do not need to discuss these alternative theories.

AFFIRMED.