The **HEIL CO.**, Plaintiff,

v.

**SNYDER INDUSTRIES, INC.**,
Defendant.

No. CV88–L–671.

United States District Court,
D. Nebraska.

Feb. 26, 1991.

On Motion to Reconsider
April 19, 1991.

and George P. McAndrews & John J. Held, Chicago, Ill., for plaintiff.

Terry K. Barber, Lincoln, Neb., and Alan I. Cantor and James A. Niegowski of Banner, Birch, McKie & Beckett, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO STRIKE

URBOM, Senior District Judge.

The plaintiff, the Heil Company, has filed this civil action pursuant to 35 U.S.C. § 146 complaining of the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences ("Board"). In that proceeding the Board decided that the plaintiff's assignor, Fred Smith, was not entitled to the patent because (1) the container invention had been offered for sale more than one year prior to the filing date of Smith's application; and (2) that Snyder was entitled to prevail on the issue of priority of invention because Smith had not satisfied his burden of proving prior inventorship. The plaintiff contends that its assignor is entitled to priority of invention and a patent containing claims corresponding to the Interference Count.

At trial the plaintiff sought to introduce evidence which had not been presented to the Board during the Interference. The court permitted the evidence to be presented but reserved ruling on its admissibility. The plaintiff relies on the statutory language of section 146 to support admission of the additional evidence. The defendant, on the other hand, argues that various circuit courts have applied section 146 to exclude additional testimony if it was deliberately withheld from the Board or overlooked due to a lack of due diligence.

I. *Limitations on New Evidence in Section 146 Proceedings*

Section 146 provides:

"Any party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action.... In such suits the record in the Patent and Trademark Office shall

Donald J. Pepperl of Pepperl & McMahon–Boies Law Offices, Lincoln, Neb., Paul R. Puerner and Daniel D. Ryan of Fuller, Puerner & Hohenfeldt, Milwaukee, Wis.,

be admitted on motion of either party upon the terms and conditions as to ... further cross-examination of the witnesses as the court imposes, without prejudice to the right of the parties to take further testimony."

35 U.S.C. § 146 (1990). On its face, the statute authorizes testimony in addition to that presented to the Board. However, in the past, various circuit courts introduced limitations on the testimony which could be later admitted. The particular limitation recognized by the Eighth Circuit required exclusion of additional testimony which was deliberately, intentionally, or willfully withheld or suppressed from the Board. *Kirschke v. Lamar*, 426 F.2d 870, 874 (8th Cir.1970). According to the court:

> "[T]he viability of the administrative process presupposes that pertinent and available testimony will be presented before the appropriate administrative body. The provision does not mean that a party can have free rein to look the other way at the administrative proceeding and then throw all its evidentiary eggs into the judicial basket in a § 146 suit."

*Id.*

Nevertheless, Eighth Circuit law is not controlling in this case; rather, the Court of Appeals for the Federal Circuit has exclusive jurisdiction over appeals of section 146 district court decisions. 28 U.S.C. § 1295(a)(4)(C). The Federal Circuit was born, at least in part, from the need to provide "a new forum for the definitive adjudication of selected categories of cases" based upon topical, rather than geographical, jurisdiction. Federal Courts Improvement Act of 1982, S.Rep. No. 275, 97th Cong., 1st Sess., *reprinted in* 1982 U.S.Code Cong. & Admin.News 11. The legislative history of this act reveals the justification for exclusive jurisdiction in this area of the law:

> "The establishment of the Court of Appeals for the Federal Circuit also provides a forum that will increase doctrinal stability in the field of patent law.... [T]he Hruska Commission singled out patent law as an area in which the application of the law to the facts of a case

often produces different outcomes in different courtrooms in substantially similar cases. Furthermore, in a commission survey of practitioners, the patent bar indicated that uncertainty created by the lack of national law precedent was a significant problem, and the Commission singled out patent law as an area in which widespread forum-shopping is particularly acute.

. . . .

> The creation of the Court of Appeals for the Federal Circuit will produce desirable uniformity in this area of the law. Such uniformity will reduce the forum-shopping that is common to patent litigation....

> Likewise, uniformity in the law will be a significant improvement from the standpoint of the businesses that rely on the patent system."

*Id.* Therefore, although it is perfectly proper for the Federal Circuit to consider the rules articulated in other circuits, it is in no way bound to adopt those rules. In order to fulfil its purpose, the Federal Circuit must apply one rule across all cases regardless of the district within which the case arose. It is apparent that a rule previously announced and applied by the Eighth Circuit is of no consequence if the Federal Circuit has adopted a different rule.

A rule applicable to this issue was announced by the Federal Circuit in *Case v. CPC International, Inc.*, 730 F.2d 745 (Fed.Cir.), *cert. denied* 469 U.S. 872, 105 S.Ct. 223, 83 L.Ed.2d 152 (1984). In that case, the plaintiff asked that testimony not presented to the board be barred in the district court in light of the Eighth Circuit rule that "a deliberate, intentional or willful withholding or suppression of pertinent and available evidence from the Patent Office ... justifies exclusion of such evidence in a [35 U.S.C.] § 146 proceedings." *Id.* at 752, citing *Kirschke v. Lamar*, 426 F.2d 870, 874 (8th Cir.1970). The dispute involved testimony of an expert witness who had not appeared before the board.

The Federal Circuit refused to bar the testimony, stating:

"The provision of 35 U.S.C. § 146 which provides for review of the Board of Interferences by civil action in a district court explicitly states that the administrative record may be admitted 'without prejudice to the right of the parties to take further testimony.' We are aware that this provision has received varying interpretations in the circuits. In our view, since an action under 35 U.S.C. § 146 has the hybrid nature of an appeal and a trial de novo, the statute authorizes the district court to accept all proffered testimony on issues raised by the parties during the proceedings below or by the board's decision. Whether under some circumstances a district court may properly restrict the admission of testimony on an issue raised before the board is not before us. The court here accepted the testimony and we find no error in its doing so."

*Id.* In so holding, the Federal Circuit expressly refused to adopt the Eighth Circuit rule in lieu of a literal interpretation of the statutory language deeming admissible *all* proffered testimony on issues raised to the Board. The court did, however, leave unanswered whether the district court was *required* to admit all proffered testimony. I am bound to follow the rule of *Case* and hold that the statute permits the admission of all new testimony so long as it relates to issues raised to the Board regardless of the reasons for its earlier absence.

Since *Case*, the Federal Circuit has not answered whether the district court has discretion to exclude additional evidence in section 146 actions. Several recent district court opinions have undertaken an application of the *Case* rule but with varying results. Additional live testimony and documentary evidence were allowed in *American Cyanamid Co. v. Ethicon, Inc.,* 13 U.S.P.Q.2d 1550, 1989 WL 85646 (D.N.J. 1989). On a motion in limine to decide admissibility, the court applied *Case* so as to admit new evidence so long as it pertained to the specific issues raised to the Board. The court in *Ethicon* found the "issues raised" limitation to address adequately any concern for full disclosure to the appropriate administrative body in or-

der to maintain viability of the administrative process. *Id.* (citing *Kirschke v. Lamar,* 426 F.2d 870 (8th Cir.1970) and *Velsicol Chem. Corp. v. Monsanto Co.,* 579 F.2d 1038 (7th Cir.1978)).

A New Jersey district court adopted a broader view of the rule and permitted new testimony so long as it pertained to the issue of priority. *Allied–Signal, Inc. v. Allegheny Ludlum Corp.,* 132 F.R.D. 134 (D.Conn.1990). The court held that "[f]ar from standing for the broad proposition that estoppel precludes discovery of *all* issues not specifically raised before or by the Board, the rule of *Ethicon* and *Standard Oil [Co. v. Montedison, S.P.A.,* 540 F.2d 611 (3rd Cir.1976)]* precludes consideration only of those issues not 'raised before the Board,' that are ancillary to priority." *Id.* at 137. Under this standard new evidence would be admissible so long as it related in some way to the issue of priority regardless of the scope of the specific issues raised to the Board.

I am inclined to agree that the rule articulated in *Ethicon* is more consistent with the Federal Circuit's holding in *Case.* In so holding, I am quick to recognize that one of the purposes of the patent laws is to stimulate invention by affording inventors protection from infringement for a fixed time. This policy "underlies the entire patent system." *Dawson Chemical Co. v. Rohm & Haas Co.,* 448 U.S. 176, 221, 100 S.Ct. 2601, 2626, 65 L.Ed.2d 696 (1980). Nevertheless, the Federal Circuit in *Case* did not hold that proffered testimony would be admissible on the issue of "priority;" rather, it explicitly held that admissibility would be tied to the "issues raised by the parties during the proceedings below or by the board's decision." *Case,* 730 F.2d at 752.

Logic also dictates this result. Section 146 proceedings are limited to reviews of interference decisions under 35 U.S.C. § 135. Priority of invention is the question to be determined in a section 135 proceeding. Consequently, priority is the general issue of a section 146 action. I am convinced that had the Federal Circuit intended the broad rule of admissibility proposed

by the plaintiff, it would have simply stated that all new evidence relating to priority would be admissible. It did not so state. Accordingly, I find that the proffered evidence in this case will be admissible, in accordance with the rules of evidence, so long as it relates to the specific issues raised in the Board proceeding. The scope of this action will therefore be limited to that of the earlier proceeding.

The defendant argues that public policy is best served by a contrary rule barring any evidence which *could* have been brought at the Board proceeding but was not. According to the defendants, the Federal Circuit promoted this rule in *Burson v. Carmichael,* 731 F.2d 849 (1984) where it stated:

> "With a full opportunity to introduce all evidence available to him, Carmichael chose to rely upon the supposed weakness of Burson's case rather than the strength of his own. That approach having failed, he wants to start over by introducing evidence he says he could have earlier introduced. There is no support in law for repeated bites at the apple. On the contrary, the law whenever possible reaches for repose."

*Id.* at 853–54. However, this case is inapposite to the issue of admissibility in a section 146 action. *Burson* involved a direct appeal to the Federal Circuit from the Board rather than a district court proceeding. The court refused the petitioner's efforts to have the case remanded to the Board so as to introduce evidence of conception and reduction to practice which he had chosen not to introduce earlier. The court's holding is restricted to cases of direct appeal; there is no indication in *Burson* that additional evidence would have been inadmissible had the petitioner sought relief in the district court under section 146 rather than from the court of appeals. Furthermore, the *Burson* court failed to mention *Case* even though it was decided less than one month earlier.

■ It is noted that section 146 specifically refers to additional "testimony." However, section 146 has been liberally interpreted as permitting the introduction of documentary evidence as well as evidence taken under oath. *See, e.g. Standard Oil Co. v. Montedison, S.p.A.,* 664 F.2d 356 (3d Cir.1981), *cert. denied* 456 U.S. 915, 102 S.Ct. 1769, 72 L.Ed.2d 174 (1982) (district court received and considered additional evidence including several thousand exhibits). Consequently, no proffered evidence will be barred simply because it is documentary.

In summary, I shall employ a rule somewhere between the two argued by the parties in this case. Contingent upon admissibility under the rules of evidence, I shall admit all new evidence which pertains to the specific issues raised in the Board proceedings. Neither the reasons for withholding the evidence initially nor the diligence employed by the plaintiff's counsel will be factors considered in determining admissibility.

II. *Admissibility of Specific Exhibits*

A. PX–44, PX–45, PX–46, PX–56 (documentation of Pleasanton order)

Snyder objects to these exhibits on the grounds that (1) Heil should be estopped to introduce evidence which was not presented to the Board and (2) they are irrelevant. The first argument has already been addressed. The Pleasanton order for refuse containers was testified to during the interference (Junior Party Record, 10). Therefore, additional evidence as to this order is admissible for the first time at trial even though it was available during the interference.

■ The defendant erroneously asserts that evidence of conduct subsequent to the alleged date of reduction to practice is irrelevant as to proving a reduction to practice under the rule stated in *UMC Electronics Co. v. United States,* 816 F.2d 647 (Fed.Cir. 1987), *cert. denied* 484 U.S. 1025, 108 S.Ct. 748, 98 L.Ed.2d 761 (1988). In *UMC Electronics,* the Federal Circuit rejected the government's urging to adopt a "sufficiently" reduced-to-practice requirement with respect to on-sale bars under section 102(b) because "[t]here are not degrees of reduction to practice; either one has or has not occurred." *Id.* at 655 (quoting *Wolter v.*

*Belicka,* 409 F.2d 255, 262, 56 CCPA 1399 (1969)). However, this rule does not speak to the relevancy of evidence intended to prove reduction to practice.

This issue was addressed by the First Circuit in *Brown–Bridge Mills v. Eastern Fine Paper, Inc.,* 700 F.2d 759 (1st Cir. 1983). The court recognized that "an invention is not reduced to practice until its practice or utility is demonstrated pursuant to its intended use." *Id.* at 766 (quoting *Weisner v. Weigert,* 666 F.2d 582, 588 (C.C. P.A.1981)). As to proving reduction to practice, "[t]ests on a claimed invention, though conducted subsequent to a claimed reduction to practice, might either confirm or call into question the reliability of earlier tests of utility and thus be highly relevant in determining the actual date of reduction to practice." *Id.*

I find this rule applies directly to the evidentiary issue raised by the defendant. Exhibits carrying dates subsequent to the alleged date of reduction to practice, December 7, 1981, may be relevant as evidence of actual reduction to practice. The defendant's objections are overruled and these four exhibits will be admitted.

B. PX–51, PX–71 (prototype container and photo)

This exhibit relates to reduction to practice, an issue raised before the Board. (Board Decision, 12). Therefore, Snyder's objections to these exhibits (estoppel and irrelevancy) will be overruled for the reasons discussed in the preceding section. These exhibits are admitted.

C. PX–65, PX–73 (Pleasanton container and photo)

Snyder's objections to these exhibits (estoppel and irrelevancy) will be overruled for the reasons discussed in preceding section II.A. These exhibits are admitted.

D. PX–67 (photograph showing early Heil prototype)

Snyder's objections to this exhibit (estoppel and irrelevancy) will be overruled for the reasons discussed in preceding section II.A. This exhibit is admitted.

E. PX–68, PX–74, PX–69, PX–75 (Snyder containers and photos)

▉ Snyder also objects to the admission of Snyder-made refuse containers allegedly used in Phoenix and Billings. An essential requirement for actual reduction to practice is a contemporaneous recognition and conviction on the part of the inventor that he has successfully completed and tested his invention. *Wagner and Senentz v. Notley,* 202 U.S.P.Q. 299, 302–03 (Bd. Pat.Int'f 1977). I am not convinced that Snyder's decision to market a container with buckled sides is relevant to Smith's state of mind regarding his own product. The relevancy objection is sustained and these exhibits will not be admitted. Having otherwise barred the exhibits, I find no reason to rule on the estoppel objection.

F. PX–81 (statements from Snyder Trial Brief)

▉ Snyder asserts that this exhibit is inadmissible because the statements were made in argumentative briefs and cannot be treated as binding judicial or evidentiary admissions. I agree that these statements may not be admitted as binding judicial admissions since they were not made in a pleading. *See Loudermill v. Cleveland Bd. of Educ.,* 844 F.2d 304, 309 (6th Cir. 1988), *cert. denied* 488 U.S. 941, 109 S.Ct. 363, 102 L.Ed.2d 353 (1988). However, "statements of fact contained in a brief *may* be considered admissions of the party in the discretion of the district court." *American Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir.1988).

The proffered statements are excerpts from the section of the defendant's trial brief and summarize part of the evidence brought before the Board. As contained in the brief, each statement which has been offered as evidence is followed by citations to the Board record. Snyder's attorneys included these statements in support of the defendant's position regarding Heil's development of the hinge-handle container design and were well within their scope of authority in making those statements. I shall overrule the objections to this exhibit

and admit it pursuant to Fed.R.Evid. 801(d)(2)(C) and (D) rather than as binding judicial admissions. As evidentiary admissions, these statements "are not conclusive, and may be contradicted by other evidence." *In re Applin*, 108 B.R. 253, 258 (Bankr.E.D.Cal.1989).

III. *Admissibility of New Testimony*

A. Testing at the Heil plant and Bingman's shop and field testing by the City of Phoenix and neighbors

The issue of testing with respect to Heil's reduction to practice was raised by the Board decision. (Board Decision, 12). Therefore, new testimony relating to Heil's testing of the prototype containers is admissible pursuant to section 146. The estoppel objection as to the following testimony is overruled and the testimony is admitted:

Rea testimony
40:21–24
46:11–15
50:1–21
52:13–16
82:7–14
89:2–11
Smith testimony
127:25 – 130:10
130:15 – 131:19
133:1 – 136:12
140:19–20
142:9–11
151:22 – 152:1
153:13 – 154:4
154:14 – 155:10
Francisco testimony
189:24 – 190:17
190:18 – 192:18
193:3–16
193:17–23
193:24 – 194:13
201:16 – 206:18
207:17 – 208:23
210:13 – 214:8
215:20 – 216:24
224:22 – 225:7
227:4–10
227:11–14

■ In addition, Snyder raises hearsay, as well as estoppel, objections to some testimony. Heil argues that these objections should have been made at trial and are thereby waived. Snyder counters that the parties agreed before the trial to make all objections in the post-trial motion to strike.

I am not persuaded that the pre-trial agreement was intended to encompass these objections.

First, Snyder's attempt to compare this situation with preserving objections during depositions is without merit. Depositions are discovery devices and, as such, are properly used "to narrow and clarify the basic issues between the parties, and ... for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 388–89, 91 L.Ed. 451 (1947). This broad purpose is furthered by the common practice of preserving objections until such time as testimony is actually offered as proof at trial since hearsay statements will frequently identify another individual with some knowledge of or involvement with the disputed issues. To the contrary, testimony presented at trial represents each party's best effort to present his case and comprises the proof upon which the trier of fact will render judgment. The two stages of litigation cannot be compared as Snyder attempts to do here.

Second, counsel's own conduct at trial casts doubt on Snyder's interpretation of the pre-trial agreement. During the direct examination of Mr. Rea, Mr. Cantor, counsel for Snyder, made an immediate objection to a vague and ambiguous question even though it could easily have been clarified during cross-examination or objected to in the post-trial motion:

"Q: Did everything on it work?

A: Yes.

Q: All right.

MR. CANTOR: Objection as to what worked. There's no testimony what worked.

Q: Excuse me. Did the wheels work?

A: Yes

Q: Okay. Did the hinge handle work?

A: Yes...."

(Trial Transcript, 50:4–13).

■ Finally, the testimony against which hearsay objections have been raised was elicited during cross-examination by the objecting party. The general rule is that

testimony solicited without objection need not be excluded upon later objection. *See Black v. Hesse*, 869 F.2d 420, 422 (8th Cir.1989). In *Belmont Indus. v. Bethlehem Steel Corp.*, 62 F.R.D. 697 (E.D.Pa. 1974) *aff'd* 512 F.2d 434 (3d Cir.1975), the trial court refused to strike hearsay testimony to which there had been no timely objection. The court was not moved by the argument that because the documents upon which the testimony was based had been marked for identification and listed in the pretrial order, the party "did not object at the time the testimony was being elicited because counsel considered that it would be more appropriate to object when [the other party] offered the documents into evidence." Therefore, according to the objecting party, when the documents were not offered, a motion to strike was appropriate. Nevertheless, the court refused to deviate from the rule that the "rules of evidence and the orderly administration of justice require that objections be made as soon as the ground therefor becomes apparent." *Id.* at 702.

Both hearsay and estoppel objections are overruled as to the following testimony and it is admitted:

Rea testimony
82:19–21
83:1–4
83:11–12
83:20
84:9–10

Francisco testimony
206:19 – 207:14

### B.  Structural detail of prototypes

Snyder raises estoppel objections to testimony regarding the structural details of the prototype containers. I also find that this testimony concerns an issue raised by the Board's decision. Specifically, the Board held that there was no proof that the prototype containers embodied all the elements of the count. (Board Decision, 12). Therefore, Snyder's objections to the following testimony are overruled and the testimony is admitted:

Rea testimony
51:6 – 52:12

Francisco testimony
187:12 – 188:6

### C.  Degree of buckling/subjective satisfaction with prototypes

Snyder raises an estoppel objection to this testimony. This objection is also overruled as this issue was raised with respect to Heil's reduction to practice of the hinge-handle design. (Board decision, 12). In addition, Snyder raises a hearsay objection to certain testimony. I will overrule this objection for the reasons expressed in preceding section III.A. Therefore, the following testimony is admitted:

Rea testimony
43:15–18
44:1–21
47:25 – 49:6
49:15–25
54:4–7
54:18 – 56:21
56:22 – 57:16
57:17–25

Smith testimony
126:19–20
127:24
132:21 – 133:1
137:4–18
139:9–23
140:1–2
141:12 – 142:5
142:12–33
143:24 – 144:7
163:25 – 164:3

Francisco testimony
192:19 – 193:2
194:14 – 195:1
199:9 – 200:22
226:4–9

### D.  Descriptions of inadmissible exhibits

Admissibility of the testimony in this section depends upon the relevance of the exhibits being described. The proffered exhibits relating to the Snyder containers used in Billings and Phoenix (PX–68, PX–74, PX–69, PX–75) were excluded as irrelevant. Likewise, the testimony relating to these exhibits is irrelevant and will be excluded as follows:

Francisco testimony
197:22 – 198:13
239:6 – 240:5

Warren testimony
243:20 – 245:20
246:2 – 248:4

The objections to testimony describing admissible exhibits (PX–65, PX–51, PX–44,

PX–45, PX–67) will be overruled and that testimony admitted as follows:

Smith testimony
> 118:24 – 119:3
> 121:2 – 123:4
> 137:19 – 139:8
> 143:11–23

Francisco testimony
> 188:7 – 189:23
> 194:14 – 195:20
> 195:21 – 197:21
> 198:14–17
> 198:18 – 199:8

## IV. *Proffer of New Testimony*

Although Snyder has submitted designated portions of the deposition testimony of Sharon Goolsby, a neighbor of the Heil plant who allegedly field tested hinge-handle containers, no proffer of this evidence has been filed. Absent such filing this testimony cannot be admitted.

### *Conclusion*

In accordance with this memorandum,

IT IS HEREBY ORDERED that the defendant's objections are overruled and the motion to strike, filing 55, is denied except as to the exhibits and testimony relating to the Snyder-made refuse containers which were used in Billings and Phoenix. Accordingly, the following testimony and exhibits are excluded from evidence:

Francisco testimony
> 197:22 – 198:13
> 239:6 – 240:5

Warren testimony
> 243:20 – 245:20
> 246:2 – 248:4

PX–68    Snyder-made container used in Billings
PX–74    Photographs of PX–68
PX–69    Snyder-made container used in Phoenix
PX–75    Photographs of PX–69

The parties shall have seven days from the date of this order to submit proposed schedules for briefing the merits of this case.

### ON MOTION TO RECONSIDER

■ In an order dated February 26, 1991, I ruled that the defendant's conditional proffer of certain deposition testimony could not be admitted as it had not been properly filed. (Filing 58). The defendant has filed a motion to reconsider that order on the ground that its failure to file the proffer was unintentional. In the alternative, the defendant seeks an enlargement of time within which to file the proffer.

The plaintiff opposes the motion, arguing that the defendant should not be able to avoid responsibility for complying with the filing requirements established by the Local Rules. The plaintiff seems to argue that this late filing of the proffer will prejudice Heil since "the parties have not submitted briefs in reliance on the supposed filing of defendant's Conditional Proffer." (Plaintiff's Brief in Opposition to Defendant's Motion for Reconsideration, p. 2).

I cannot agree with the plaintiff's position that they have not had an opportunity to respond to the proffer. In response to Snyder's submission of its conditional proffer, Heil stated that it had "no objection to defendant's proffer of certain designated portions of the deposition." (Plaintiff's Response to Heil's Conditional Proffer). In fact, in its brief Heil counter-offered the remainder of the deposition so that the record would accurately reflect the witness' testimony. This counteroffer was not, however, properly filed nor has one been filed at this time.

A similar issue arose in this case regarding the defendant's failure to properly file its motion to strike additional testimony. I overruled an objection to the late filing of the motion and stated:

> "[T]he fact that the plaintiff responded to the defendant's submission, as though it were a properly filed motion, precludes it from now crying foul. The proper time for the plaintiff to have protested is long since past...."

(Filing 57). I am again inclined to follow that reasoning.

IT IS ORDERED (1) the defendant's motion for reconsideration, filing 59, is granted; (2) the defendant shall have ten days

within which to file its proffer of evidence; upon such filing, it shall be deemed to have been filed as of September 4, 1990, the date of its submission; (3) a properly filed counteroffer of deposition testimony may be filed by the plaintiff within seven days of the filing of the defendant's proffer.